**STATE of Missouri, Respondent,**

v.

**Edward K. SHIGEMURA, Appellant.**

**No. 45237.**

Missouri Court of Appeals,
Eastern District,
Division Six.

Sept. 25, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 30, 1984.

Application to Transfer Denied
Dec. 18, 1984.

Stephen C. Moore, Clayton, for appellant.

John Ashcroft, Atty. Gen., Dan Crawford, Jefferson City, for respondent.

CRIST, Judge.

Defendant appeals his jury conviction of receiving stolen property, for which he was sentenced as a prior offender to six years imprisonment, which was to be served consecutively to a federal sentence. We reverse and remand for a new trial.

Several police officers staked out the Parkmoor Restaurant in St. Louis County. One officer explained he "was directed there by a confidential informant who advised me that Mr. Shigemura was in possession of stolen property ... which he intended to sell at that location." A sale took place, was observed by the police officers, and both buyer and seller (defendant) were arrested. At trial, the prosecutor, over defendant's objection, elicited testimony from the detective detailing the informant's tip. Defendant, in his first point on appeal, contends this was inadmissible hearsay. The state retorts the testimony was admissible because it was not offered for the truth of the statement's contents, but rather to explain the subsequent conduct of the officer in staking out the Parkmoor Restaurant.

We are aware that our Supreme Court has permitted testimony similar to that used here, even though hearsay, to explain the subsequent conduct of the witness who is testifying. *See e.g. State v. Brooks*, 618 S.W.2d 22, 24–26 (Mo. banc 1981); *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). Such testimony is justified on the basis it allows for a portrayal of the chain of events which is "more likely to serve the ends of justice in that the jury is not called upon to speculate on the cause or reasons for the officer's subsequent activities." *Brooks*, 618 S.W.2d at 25.

We are, however, in this case, constrained to hold the admission of the statement was prejudicial error. The state had to prove defendant knew or believed the items in his possession had been stolen. *State v. Stark*, 651 S.W.2d 503, 505[2] (Mo. App.1983). The defense was apparently aimed solely at the knowledge element; the fact of the sale was not questioned at all. The evidence of knowledge was not overwhelming; it consisted of (1) the fact the property sold was stolen, (2) evidence admitted under § 570.080.2(1) RSMo 1978, showing defendant was in possession of other stolen property, and (3) defendant exclaimed upon execution of the search warrant that resulted in the seizure of the other stolen property his wife "didn't know anything about the stuff." This evidence created a submissible case, but was not strong. The only other evidence that defendant knew or believed the items had been stolen was the hearsay statement by a confidential informant, testified to by the detective, that defendant was in possession of stolen property he intended to sell at the restaurant.

That statement connected defendant with the crime. *State v. Kirkland*, 471 S.W.2d 191, 194–95 (Mo.1971). The high probability of prejudicial impact on the jury was exacerbated by the fact no limiting instruction was given, and thus the jury was apparently allowed to consider the

statement as evidence linking defendant to the crime. Compare *State v. Calmese*, 657 S.W.2d 662, 663[3] (Mo.App.1983). The officer could have characterized his reason for being at the Parkmoor without, in effect, having testimony of an absent and unknown witness.

Because the judgment must be reversed and remanded, we do not consider defendant's other points of error, as they may not arise on retrial. *State v. Jordan*, 627 S.W.2d 290, 295 (Mo. banc 1982)

Judgment reversed and remanded for a new trial.

REINHARD, C.J., and KAROHL, J., concur.