**STATE of Missouri, Respondent,**

v.

**Jack DOUGLAS, Appellant.**

**No. WD 61815.**

Missouri Court of Appeals, Western District.

March 9, 2004.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 27, 2004.

---

Jeremiah W. (Jay) Nixon, Atty. Gen., Leslie E. McNamara, Assistant Attorney General, Jefferson City, MO, for respondent.

Sarah Weber Patel, Assistant Appellate Defender, Kansas City, MO, for appellant.

Before EDWIN H. SMITH, P.J., and HOLLIGER and HARDWICK, JJ.

EDWIN H. SMITH, Presiding Judge.

Jack Douglas appeals the judgment of his convictions, after a jury trial in the Circuit Court of Jackson County, of one count of driving while intoxicated (DWI), § 577.010,[1] and one count of driving while revoked (DWR), § 302.321. As a result of

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

his DWI conviction, the appellant was sentenced, as a persistent offender, § 577.023, to a term of imprisonment of four years in the Missouri Department of Corrections. As to his DWR conviction, he was sentenced to a concurrent prison term of four years.

In his sole point on appeal, the appellant claims that the trial court erred in allowing, over his objection, one of the arresting officers to testify that she and her partner received "a dispatch for a party slumped over the wheel" and "a call for service from dispatch that a party was behind the wheel of a dark-colored SUV at the intersection of 59th and Prospect" because it was hearsay and no hearsay exception applied for its admission.

We reverse and remand for a new trial.

### Facts

On April 8, 2001, at approximately 9:20 p.m., Officers Kimberly Tott and Marc Lombardo, of the Kansas City, Missouri, Police Department, while on patrol, responded to a call for service at 59th and Prospect in Kansas City, Missouri. Upon their arrival at the scene, the officers discovered a gray Ford Bronco parked with its passenger side tires up over the curb. The tire on the front passenger side was flat, the vehicle's engine was running, and the brake lights were on.

The officers pulled their patrol car behind the Bronco. Officer Tott approached the Bronco, while Officer Lombardo remained in the patrol car. As Officer Tott approached, the Bronco began to move backwards towards the patrol car. Officer Tott immediately returned to her vehicle, while Officer Lombardo hit the "yelp" button to get the attention of the occupant or occupants of the Bronco. The Bronco then came to a stop, pulled slightly forward, and eventually came to a complete stop.

Once the Bronco was stopped, both officers approached. The officers ordered the sole occupant, the appellant, to exit the vehicle. While exiting from the driver's door, he stumbled, causing Officer Lombardo to catch him. The officers noted that he had a strong odor of alcohol on his breath, slurred speech, and watery, blood-shot eyes.

As requested, the appellant gave the officers his name, date of birth, and social security number. Based on that information, the officers determined that his license was revoked. He was placed under arrest for DWI and transported to the police station. While there, Officer Tott asked the appellant to perform three field sobriety tests: the gaze nystagmus, the walk and turn, and the one-leg stand, which he refused. He was again asked to perform these same tests by Officer David Lantz, the "breathalyzer officer," and again refused. Officer Lantz then requested that he submit to a breathalyzer test, which he also refused.

On October 1, 2001, the appellant was charged in the Circuit Court of Jackson County with DWI, DWR, and careless and imprudent driving. The careless and imprudent driving charge was later dismissed.

The appellant's case was tried to a jury on June 10–11, 2002. Before jury selection began, the appellant made an oral motion *in limine*, seeking to preclude, as hearsay, any reference by the arresting officers to the dispatch they received to the extent it referenced "a party slumped over the wheel." The State argued that the challenged testimony was not hearsay and was admissible in that it would not be offered at trial for the truth of the matter asserted, but simply to explain the officers' conduct in going to 59th and Prospect. The appellant's motion was overruled.

Both of the arresting officers were called by the State to testify at trial. Both officers testified as to the dispatch they received to investigate a parked vehicle at 59th and Prospect. In that regard, Officer Lombardo testified that "we took a call for service at 59th and Prospect, checking for a parked vehicle." The appellant did not object to that testimony. Officer Tott, however, testified: "We received a call for service, that there was a dispatch for a party slumped over the wheel of a dark-colored [. . .]," to which the appellant objected. The objection was overruled, and the question was then asked by the prosecutor: "You received a call from dispatch?" Officer Tott responded: "A call for service from dispatch that a party was behind the wheel of a dark-colored SUV at the intersection of 59th and Prospect."

Both officers testified that when they arrived at the scene, the appellant was sitting in the Bronco's driver's seat. Officer Lombardo testified that he witnessed the appellant "placing the vehicle in reverse and [trying] to back up." Both arresting officers and Officer Lantz testified as to their observations of the appellant at the scene and police station and that based thereon, they concluded that he was intoxicated.

The appellant did not dispute at trial the fact that his license had been revoked, but claimed that he had not been drinking and that he was not operating the Bronco, as charged. In that regard, he testified that he was a passenger in the Bronco, being driven by his nephew, when the front tire blew out, causing his nephew to pull the vehicle to the side of the road. He testified that while his nephew went to find a jack, he remained in the front passenger's seat and did not move until Officers Tott and Lombardo arrived at the scene and ordered him to exit the vehicle. He further testified that the passenger door was

broken, requiring him to exit from the driver's door and that, in the process, he accidentally knocked the vehicle into neutral, causing it to "rock" backwards.

In the State's closing argument, the prosecutor argued that, based on the evidence, the jury could infer that "[t]he [appellant] was driving drunk[,][h]e drove up over that curb[,][t]he tire blew out, and he passed out there." In making this argument, the State did not reference Officer Tott's testimony regarding the dispatcher's statements as to "a party being slumped over the wheel."

During its deliberations, the jury, in a written note to the trial court, asked to "see the dispatch report." The trial court's written response was that "[a]ll exhibits admitted into evidence are attached to my response." The response did not have attached the dispatch report because it was never admitted as evidence. The jury found the appellant guilty on both counts.

On July 3, 2002, the appellant filed a motion for a judgment of acquittal and, in the alternative, a motion for new trial. He alleged, *inter alia*, that the "court erred, to the prejudice of the defendant, in overruling the defendant's objection to the state's reference to a dispatcher tape, and specifically any reference to the driver of the automobile being 'slumped over the wheel.'" The motion was overruled. On August 16, 2002, the appellant was sentenced to concurrent terms of imprisonment of four years in the Missouri Department of Corrections.

This appeal followed.

### I.

■ In his sole point on appeal, the appellant claims that the trial court erred in allowing, over his objection, Officer Tott to testify to the dispatch that she and

Officer Lombardo received "for a party slumped over the wheel" and for "a party [who] was behind the wheel of a dark-colored SUV at the intersection of 59th and Prospect" because it was hearsay and no hearsay exception applied for its admission. Specifically, he claims that Officer Tott's testimony was inadmissible hearsay in that it was offered for the truth of the matter asserted and not solely to explain subsequent police conduct, a non-hearsay use, as asserted by the State at trial and on appeal.

At trial, Officer Tott was allowed to testify, over the appellant's objection, as to the police dispatch that she and her partner received dispatching them to investigate a parked vehicle on the side of the street. In that regard, Officer Tott testified that "there was a dispatch for a party slumped over the wheel," and that she and her partner received "a call for service from dispatch that a party was behind the wheel of a dark-colored SUV at the intersection of 59th and Prospect." The appellant objected to this testimony on the basis that it was inadmissible hearsay. The State argued that it was not hearsay and, therefore, admissible in that it was not offered for the truth of the matter asserted, but was offered solely to explain the arresting officers' subsequent conduct in responding to the dispatch. Thus, as framed by the parties, the first issue for us to decide, in determining whether the trial court erred in allowing the challenged dispatch testimony, is whether it was hearsay or non-hearsay testimony.

██ Hearsay statements are out-of-court statements used to prove the truth of the matter asserted, which, as a rule, are inadmissible. *State v. Barnett,* 980 S.W.2d 297, 306 (Mo. *banc* 1998). The rule is predicated on the Sixth Amendment right of a criminal defendant to confront and cross-examine the witnesses against him.

*State v. Kirkland,* 471 S.W.2d 191, 193 (Mo.1971); *State v. Mozee,* 112 S.W.3d 102, 107 (Mo.App.2003). Although the rule is predicated on both a right to confront and cross-examine a witness, the "essential and indispensable feature" is cross-examination. *Kirkland,* 471 S.W.2d at 193. "The essential principle of the hearsay rule is to secure trustworthiness of testimonial assertions by affording the opportunity to test the credit of the witness, and it is for this reason that such assertions are to be made in court subject to cross-examination." *Id.* Stated another way, the "theory of the Hearsay rule is that the many possible deficiencies, suppressions, sources of error and untrustworthiness, which lie underneath the bare untested assertion of a witness, may be best brought to light and exposed by the test of Cross-examination." *Id.*

██ Although generally inadmissible, hearsay is admissible if it falls within a recognized exception to the rule. *Mozee,* 112 S.W.3d at 108; *State v. Howard,* 913 S.W.2d 68, 70 (Mo.App.1995). Such exceptions are justified because their circumstances sufficiently guarantee the trustworthiness of the out-of-court statement even though not subject to cross-examination. *See Bynote v. Nat'l Super Mkts., Inc.,* 891 S.W.2d 117, 122 (Mo. *banc* 1995) (discussing the excited utterance exception); *City of Riverside v. Progressive Inv. Club of Kansas City, Inc.,* 45 S.W.3d 905, 911–12 (Mo.App.2001) (discussing the exception allowing a condemnation expert to base his valuation on hearsay).

██ Not all out-of-court statements are hearsay in that to constitute hearsay the statement must be offered for the truth of the matter asserted. *State v. Bell,* 62 S.W.3d 84, 89 (Mo.App.2001). Thus, an out-of-court statement that is not offered for the truth of the matter asserted is not hearsay and is, therefore, admissible even

though it does not fall within a recognized exception. *Id.* And, hence, an out-of-court statement offered not for the truth of the matter asserted, but to explain subsequent police conduct, is not hearsay and is, therefore, admissible, assuming it is relevant.[2] *Id.; State v. Robinson,* 111 S.W.3d 510, 513 (Mo.App.2003). However, when such out-of-court statements go beyond what is necessary to explain subsequent police conduct, they are hearsay, *Kirkland,* 471 S.W.2d at 194–95; *Robinson,* 111 S.W.3d at 514–15; *State v. Shigemura,* 680 S.W.2d 256, 257–58 (Mo.App.1984), unless they qualify as non-hearsay on another basis.

Both Officers Lombardo and Tott testified at trial regarding the dispatch they received that caused them to go to 59th and Prospect on April 8, 2001, to investigate the parked car in which the appellant was later found. Officer Lombardo, who testified first, testified that "we took a call for service at 59th and Prospect, checking for a parked vehicle." There was no objection to that testimony. Officer Tott, however, testified: "We received a call for service, that there was a dispatch for *a party slumped over the wheel* of a dark-colored (emphasis added) [ . . . ]" at which point the appellant's counsel objected. The objection was overruled, and the question was then asked by the prosecutor: "You received a call from dispatch?" Officer Tott responded: "A call for service from dispatch that *a party was behind the wheel* of a dark-colored SUV at the intersection of 59th and Prospect." (Emphasis added.) The appellant contends that Officer Tott's reference to a party's being "slumped over the wheel" or "behind the wheel" is hearsay because it went beyond what was necessary to explain the officers' subsequent conduct. We agree.

Officer Lombardo's testimony was clearly adequate to explain the officers' conduct in proceeding to 59th and Prospect to investigate the parked vehicle. Likewise, it would have been adequate for Officer Tott to have simply testified that they proceeded to 59th and Prospect to investigate the parked car. And, while it may have been appropriate to indicate that they were investigating a possible DWI, no other detail was necessary in explaining their actions. The added evidentiary detail concerning a "party slumped over the wheel" or a "party was behind the wheel" was totally unnecessary in explaining the officers' conduct in going to 59th and Prospect and, therefore, was hearsay. Thus, it was error for the trial court to allow Officer Tott's challenged dispatch testimony, unless an exception to the hearsay rule applied, which the State concedes was not the case.

■■■ The fact that the challenged testimony of Officer Tott was hearsay and, thus, it was error for the trial court to allow it, does not end our inquiry. We will not reverse simply because error is found. *Bell,* 62 S.W.3d at 92. For there to be reversible error, prejudice must also be shown. *Id.* Error in admitting evidence is not prejudicial requiring reversal, unless it is outcome-determinative. *State v. Barriner,* 34 S.W.3d 139, 150 (Mo. banc 2000). As stated by the Missouri Supreme Court in *State v. Barriner:*

There is a distinction between evidence-specific and outcome-determinative prejudice. When the prejudice resulting from the improper admission of evidence is only evidence-specific and the evidence of guilt is otherwise overwhelming, reversal is not required. In con-

2. An out-of-court statement explaining subsequent police conduct is relevant in that it provides the jury with "a portrayal of the events in question, more likely to serve the ends of justice in that the jury is not called upon to speculate on the cause or reasons for the officers' subsequent activities." *State v. Brooks,* 618 S.W.2d 22, 25 (Mo. banc 1981).

trast, when the prejudice resulting from the improper admission of evidence is outcome-determinative, reversal is required. A finding of outcome-determinative prejudice expresses a judicial conclusion that the erroneously admitted evidence so influenced the jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence.

34 S.W.3d at 150. In other words, the mere fact that there is overwhelming evidence of guilt is not the test; the test is whether there is a reasonable probability the jury relied on the improperly admitted evidence in convicting the defendant and that it would have reached a different result but for its admission.

To convict the appellant as charged of DWI and DWR, in violation of §§ 577.010 and 302.321, respectively, the State was required to prove, *inter alia*, that he was "operating" the Ford Bronco in which he was found. The term "operating" as used in both Chapters 577 and 302 is found in § 577.001.1. *Cox v. Dir. of Revenue*, 98 S.W.3d 548, 550 (Mo. *banc* 2003). Section 577.001.1 defines "operating" as "physically driving or operating a motor vehicle." In *Cox*, the Missouri Supreme Court held that, for purposes of § 577.001.1, driving means "to guide a vehicle along or through," while operate means "to cause to function usually by direct personal effort: work (~ a car)." *Cox*, 98 S.W.3d at 550 (citation omitted). Based on that definition, the Court concluded that where a vehicle is motionless, it is not being driven; but, if the key is in the ignition, the engine is running, and the defendant is found behind the steering wheel, he is considered to be operating the vehicle, even if he is sleeping or unconscious. *Id.*

The appellant contends that the admission of Officer Tott's dispatch testimony was prejudicial in that it bore directly on the disputed and pivotal issue at trial, whether he was operating the Ford Bronco, and that if it had been excluded, there is a reasonable probability that the outcome of his case would have been different. The State contends that even if it was error to admit the dispatch testimony of Officer Tott, it was not prejudicial error in that there was sufficient evidence for the jury to find that the appellant was operating the Bronco and, therefore, convict him as charged, without the challenged testimony. As we discuss, *supra*, the fact there was other evidence in the record on which the appellant could have been convicted is not the test for outcome-determinative prejudice. The test is whether there is a reasonable probability that the jury relied on the inadmissible evidence in convicting the appellant such that had the evidence been excluded a different outcome would have occurred.

At trial, the appellant contended that he was not operating the motor vehicle as charged. In support of his argument, he testified that he was a passenger in the vehicle, being driven by his nephew, when the front tire blew out and that his nephew went to find a jack. He further testified that while waiting for his nephew's return, he sat in the front passenger's seat and that he exited the vehicle, as ordered by the officers, on the driver's side because the door on the passenger side was broken. The State argued that the appellant "was driving drunk. He drove up over [the] curb. The tire blew out, and he passed out there," where the officers found him, upon arriving at the scene. Thus, critical to the State's version of the case was whether it could show that from the time the vehicle came to a stop at 59th and Prospect, the appellant was behind the

wheel. In that regard, the only evidence putting the appellant behind the wheel during the time before the officers arrived was the challenged dispatch testimony of Officer Tott, concerning a subject being "slumped over the wheel." And, although the State did not argue that this evidence supported its case as to guilt or innocence, there was nothing to prevent the jury from considering it as such. Hence, not unexpectedly, during its deliberations, the jury, in a written note to the court, asked to "see the dispatch report." [3] This indicates, to a reasonable probability, that the jury, in deciding the contested issue of whether the appellant was operating the motor vehicle as argued by the State, relied in part on the inadmissible dispatch testimony of Officer Tott, such that it was outcome-determinative, requiring us to reverse. *Robinson,* 111 S.W.3d at 514–15.

■■■ The State seems to suggest that the appellant cannot be heard to complain on appeal about the introduction of Officer Tott's inadmissible dispatch testimony because he failed to ask for an instruction limiting its use. This argument is without merit. While it is true that an instruction may be requested by the opponent of evidence to limit its use by the fact finder, such an instruction is only appropriate to limit evidence that is admissible for one purpose, but is inadmissible for any other

purpose. *Joiner v. Auto–Owners Mut. Ins. Co.,* 891 S.W.2d 479, 481 (Mo.App. 1994). Because the evidence in question here was not admissible for any purpose, there was no admissible evidence on which a limitation instruction would have been appropriate such that the appellant cannot be faulted for failing to seek such an instruction.

■■■ Where a conviction is reversed for trial error concerning the improper admission of evidence, rather than for insufficiency of the evidence, the proper remedy is to reverse and remand for a new trial. *State v. Taber,* 73 S.W.3d 699, 707 (Mo.App.2002). Reversal based on trial error does not amount to a determination that the government has failed to prove its case. As such, it implies nothing with respect to the appellant's guilt or innocence; it simply indicates that the appellant has been convicted through a defective process, mandating a new trial. *State v. Wood,* 596 S.W.2d 394, 398 (Mo. *banc* 1980). "When this occurs, the accused has a strong interest in obtaining a fair readjudication of his guilt free from error, just as society maintains a valid concern for insuring that the guilty are punished." *Id.*

### Conclusion

The judgment of the appellant's convictions for driving while intoxicated,

3. The appellant contends on appeal that the admission of Officer Tott's dispatch testimony was error and prejudicial not only because it was hearsay bearing on a disputed issue at trial, but because it was inaccurate with respect to the actual call received by the dispatcher. According to the appellant, the 911 tape of the call reflected that the caller advised the dispatcher that there was an "individual laying back or sitting back in his seat." While the State recognizes the inaccuracy between the call and the officer's testimony, it contends that the appellant could not fault it for the inaccuracy inasmuch as it attempted to introduce the tape, but the appellant successfully objected to its admission. The

State's position ignores the fact that the appellant may have had good reason for not wanting the tape admitted; for example, it may have not wanted to call undue attention to the call. In any event, the burden should not be on the defendant to correct the error caused by the State's urging the trial court to allow Officer Tott's dispatch testimony, when it well knew from the tape that it was inaccurate as to what the unidentified caller advised. In addition, the prejudice here was not ultimately caused by the inaccuracy of the officer's reporting what was stated to the dispatcher by the caller, but the fact that the caller was not subject at trial to cross-examination by the appellant.

§ 577.010, and driving while revoked, § 302.321, is reversed, and the cause is remanded for a new trial in accordance with this opinion.

HOLLIGER and HARDWICK, JJ., concur.