**STATE of Missouri, Respondent,**

v.

**Keith NABORS, Appellant.**

**No. ED 90014.**

Missouri Court of Appeals,
Eastern District,
Division One.

Oct. 21, 2008.

Loyce Hamilton, Office of the Missouri Public Defender, St. Louis, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Mary H. Moore, Assistant Attorney Jefferson City, MO, for Respondent.

KURT S. ODENWALD, Presiding Judge.

*Introduction*

Keith Nabors (Defendant) appeals from his conviction, following a jury trial, of three counts of first-degree burglary, in violation of Section 569.160, RSMo 2000[1] (Counts I, V, and VIII); two counts of forcible sodomy, in violation of Section 566.060 (Counts II and VII); two counts of misdemeanor stealing, in violation of Section 570.030 (Counts III and X); attempted first-degree burglary, in violation of Section 564.011 (Count IV); forcible rape, in violation of Section 566.030 (Count VI); attempted forcible rape, in violation of Section 566.030 (Count IX); second-degree burglary, in violation of Section 569.170 (Count XI); and felony stealing, in violation of Section 570.030 (Count XII). The trial court sentenced Defendant to one year of time served on each of Counts III

---

1. All subsequent statutory citations are to RSMo 2000, unless otherwise indicated.

and X. Additionally, the trial court sentenced Defendant to serve consecutive terms of four years of imprisonment on each of Counts IV and XII; five years of imprisonment on Count XI; nine years of imprisonment on each of Counts I and VIII; 12 years of imprisonment on Count V; 48 years of imprisonment on Count IX; 51 years of imprisonment on Count II; and life sentences on each of Counts VI and VII. We affirm.

## Background

Defendant was charged by the State of Missouri (State) on July 10, 2006, by Indictment with three counts of first-degree burglary, two counts of forcible sodomy, two counts of misdemeanor stealing, attempted first-degree burglary, forcible rape, attempted forcible rape, second-degree burglary, and felony stealing. The State alleged in the Indictment that on various dates from January 31, 2006, through June 1, 2006, Defendant committed numerous acts constituting first-degree burglary, forcible rape, forcible sodomy, second-degree burglary, and stealing by entering various homes in the area of Winnebago Street, Minnesota Avenue, and Cherokee Street. The alleged victims lived in relatively close proximity to each other in south St. Louis City. The indictment alleged that Defendant entered or attempted to enter these various homes for the purpose of committing forcible rape, sodomy, and/or stealing. Defendant was alleged to have taken an iPod electronic device, a cellular telephone, and $500 from three of the homes without the consent of the owners and with the purpose of depriving the owners of said property.

The cause proceeded to a jury trial, beginning on May 21, 2007, and ending on May 24, 2007. During the trial, the State called witness Detective John Blaskiewicz (Detective Blaskiewicz), and during his testimony, the following exchange took place:

[State]: Thank you, Detective. And, again, Detective, could you describe what information you received that brought the name or information about [Defendant] to your attention as a possible suspect in these crimes?

[Defense attorney]: Objection, Your Honor. It's hearsay and violation of the Confrontation Clause.

* * *

[Detective Blaskiewicz]: ... On June 5th, 2006[,] I conducted a foot beat patrol in the 3600 block of Minnesota. I walked down an alley in the rear of the residences on Minnesota, and I observed an off-duty police officer in a rear gangway. The off-duty police officer was someone I coincidentally worked with in North St. Louis when I was a patrolman. I approached that police officer and identified myself as a detective in the Sex Crimes Unit, and basically just struck up a conversation with him as to why he was behind that residence. I learned that his niece was one of the victims of the burglaries that occurred on Minnesota. I asked him if he would—

[Defense attorney]: Objection, Your Honor. It's hearsay.

COURT: [State], I think we're getting—

[State]: Right.

COURT:—beyond what we're anticipating.

[State]: Let me ask you a more specific question, Detective. Based on interviews or information you were given from people in the neighborhood, were you given a name as a possible person of interest for these crimes?

[Detective Blaskiewicz]: Yes, I was.

[Defense attorney]: Objection. Again, it's hearsay.

COURT: Overruled.

[Defense attorney]: And violation of the Confrontation Clause.

[State]: And what was that name?

COURT: Well, ladies and gentlemen, you're going to hear testimony about information the officer received, and that is being admitted to explain why the officer acted as he did and not to establish the truth of the information that he received, so please bear that in mind. All right.

[State]: Detective, what was the name that you were given?

[Detective Blaskiewicz]: Keith.

[State]: And were you given an indication of where this Keith resides?

[Detective Blaskiewicz]: On the 3600 block of Minnesota.

[State]: And what did you do with that information once you had it?

[Detective Blaskiewicz]: We responded back to Police Headquarters. First of all, we were also provided a description of the doors of an apartment in the middle of the block.

[Defense attorney]: Objection. Hearsay, Your Honor.

COURT: Overruled.

[Detective Blaskiewicz]: We approached that complex and eventually spoke with a source who provided us additional information regarding Keith. We went back to Police Headquarters and conducted a computer search to locate a photograph of Keith and identify him even further, and we were able to piece together Keith's last name as a possible suspect.

[State]: And what was the last name that you gathered?

[Detective Blaskiewicz]: Nabors.

[State]: And, Officer, what did you do once you had obtained a photograph at the Police Headquarters of [Defendant]?

[Detective Blaskiewicz]: I created a photo spread and eventually showed it to one of our victims.

* * *

Evidence was also presented at trial that Defendant was identified in the photo spread by one of the victims, and that when Defendant was arrested and searched, a $100 bill was found on him, connecting him to the burglary in which five $100 bills were taken. A search of Defendant's residence produced an iPod, which was verified through the serial number as belonging one of the victims of burglary and sexual assault, and a black-and-white polka dot cell phone, which fit the description and brand of phone taken from another victim of burglary and sexual assault. Defendant's DNA was found to match DNA found on a pillowcase used to secure one of the victim's hands, DNA found on a gray knit hat left by the assailant at a residence of one of the victims, and DNA found on one of the victim's pajama bottoms. One of the victims testified that she recognized Defendant from seeing him down the street from her home. Further, Defendant gave the police a "gradual admission" by first claiming that he had received stolen property from a friend, then claiming he was a participant in the burglary, and finally admitting that he participated in the sexual assaults.

Following his conviction by a jury on all counts, Defendant was sentenced to one year of time served on each of Counts III and X. Additionally, the trial court sentenced Defendant to serve consecutive terms of four years of imprisonment on each of Counts IV and XII; five years of imprisonment on Count XI; nine years of imprisonment on each of Counts I and VIII; 12 years of imprisonment on Count

V; 48 years of imprisonment on Count IX; 51 years of imprisonment on Count II; and life sentences on each of Counts VI and VII.

In his Motion for Judgment of Acquittal Notwithstanding the Verdict, or, In the Alternative, Motion for New Trial, Defendant alleged that the trial court erred and/or abused its discretion by allowing the State to elicit hearsay testimony by allowing Detective Blaskiewicz to testify about information he received from anonymous sources that led to investigation of Defendant. Defendant claimed that allowing the hearsay testimony violated his rights to due process, confrontation, equal protection and fair trial, and fair and impartial jury as expressed under the United States Constitution and Missouri Constitution. The trial court denied Defendant's motion on July 13, 2007.

Defendant filed his notice of appeal on July 20, 2007, and this appeal follows.

## Point on Appeal

In his sole point on appeal, Defendant alleges that the trial court abused its discretion in permitting Detective Blaskiewicz to testify regarding what he was told by anonymous confidential informants over Defendant's objection. Defendant alleges that this action by the trial court allowed inadmissible hearsay evidence and violated Defendant's rights to due process and confrontation under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Defendant alleges that Detective Blaskiewicz's testimony exceeded its supposed purpose to explain his subsequent conduct and prejudiced Defendant because Defendant was denied an opportunity to cross-examine the informants to determine their credibility and the reliability of the information they gave Detective Blaskiewicz.

## Standard of Review

We review a trial court's decision to admit evidence for an abuse of discretion. *State v. Madorie,* 156 S.W.3d 351, 355 (Mo. banc 2005). "This standard of review compels the reversal of a trial court's ruling on the admission of evidence only if the court has clearly abused its discretion." *Id.* "We review trial court decisions regarding the admissibility of evidence 'for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial.'" *State v. Santillan,* 1 S.W.3d 572, 579 (Mo.App. E.D.1999) (*quoting State v. Tokar,* 918 S.W.2d 753, 761 (Mo. banc 1996)). However, whether a criminal defendant's rights were violated under the Confrontation Clause by the admission of evidence is a question of law that an appellate court reviews *de novo. State v. March,* 216 S.W.3d 663, 664–65 (Mo. banc 2007).

## Discussion

In his only argument on appeal, Defendant alleges that the trial court abused its discretion in permitting, over Defendant's objection, Detective Blaskiewicz to testify to improper hearsay statements he learned from confidential informants because he did not have an opportunity to cross-examine the informants to determine their credibility and the reliability of the information they gave Detective Blaskiewicz. Defendant argues that the hearsay testimony of the confidential informants violated the Confrontation Clause because the State bolstered the credibility of Detective Blaskiewicz's information by first discussing his conversation with the off-duty police officer, and then telling the jury that the informants lived in the neighborhood and implied they had a stake in the outcome of the investigation.

Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant. *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981). However, when in-court testimony relating to an out-of-court statement is offered to explain the conduct of the witness who is testifying rather than as proof of the facts asserted in the statement, the testimony does not constitute hearsay. *State v. McCann*, 792 S.W.2d 890, 893 (Mo.App. E.D.1990); *State v. Brooks*, 618 S.W.2d 22, 25 (Mo. banc 1981) (police officer's testimony of informant's observation properly offered to show police officer's conduct); *but see State v. Shigemura*, 680 S.W.2d 256, 257 (Mo.App. E.D.1984) (court rejects argument that statement was offered merely to explain subsequent police conduct and not for its truth where statement connected defendant directly to the crime, no limiting instruction was given, and the evidence against defendant was not overwhelming); *State v. Douglas*, 131 S.W.3d 818, 824 (Mo.App. W.D.2004) (out-of-court statements that go beyond what is necessary to explain the subsequent police conduct are hearsay).

The Confrontation Clause of the United States Constitution guarantees a criminal defendant the right to be "confronted with the witnesses against him." U.S. Const., Am. VI. The Confrontation Clause requires the unavailability of a witness and a prior opportunity for cross-examination before admitting testimonial evidence against a defendant. *Crawford v. Washington*, 541 U.S. 36, 68, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). In support of his argument, Defendant relies on *U.S. v. Cromer*, 389 F.3d 662, 670–71 (6th Cir. 2004). In *Cromer*, the Sixth Circuit Court of Appeals concluded that a police officer's testimony about statements made to the officer by a confidential informant violated the Confrontation Clause and required reversal of the defendant's convictions. *Cromer* is distinguished from the case before us because, unlike the police officer's testimony in *Cromer*, Detective Blaskiewicz's testimony did not include any statements by the confidential informants that Defendant had committed any unlawful activity. Detective Blaskiewicz testified that he was conducting "a foot beat patrol" in the 3600 block of Minnesota when an off-duty police officer, who was an acquaintance, as well as some people in the neighborhood gave him the name of a possible person of interest in the burglaries and sexual assaults. The only information provided to Detective Blaskiewicz was the first name "Keith" and the 3600 block of Minnesota. The informants did not specifically identify or implicate Defendant in any criminal activities. Unlike the facts in *Cromer*, Detective Blaskiewicz did not testify that the informants specifically identified Defendant as committing the criminal activities with which Defendant later was charged. Additionally, prior to Detective Blaskiewicz's testimony, the trial court was quick to instruct the jury that his answer to the question should be heeded as an explanation as to why the officer acted as he did, and not to establish the truth of the information that he received. Detective Blaskiewicz then testified about his efforts to further identify "Keith" based upon the limited information he had, and the photo spread he showed to one of the victims. This evidence can be viewed consistently with the State's position that Detective Blaskiewicz's testimony about the information received from the informants was offered for the limited purpose of explaining Detective Blaskiewicz's subsequent conduct in pursuing his investigation and composing a photo spread.

While the State and Defendant offer divergent views as to whether Detective

Blaskiewicz's testimony included inadmissible hearsay, we are not required to reach that ultimate issue because the record before us is clear that Defendant was not prejudiced by the admission of such evidence. Defendant argues that this Court should follow our holding in *State v. Shigemura,* 680 S.W.2d at 257, where the police officer could have characterized his reason for being at the scene of the defendant's arrest more generally without the "testimony of an absent and unknown witness." In *Shigemura,* the police officer testified that the confidential informant identified the defendant as being in possession of stolen property and that the defendant would try to sell the stolen property at a particular time and place. We rejected the state's position that the confidential informants statement was offered merely to explain subsequent police conduct. We further noted that the trial court did not give the jury any limiting instruction, and the evidence against defendant was not overwhelming. *Id.*

The facts before us in this case are substantially different than presented to us in *Shigemura.* We find it appropriate to caution prosecutors and their witnesses alike that any "backdoor attempts to get statements by non-testifying confidential informants before a jury" may indeed hinder a prosecution when they cross over the line of true background information to explain police conduct and into the realm of forbidden hearsay. *See State v. Hoover,* 220 S.W.3d 395, 407 (Mo.App. E.D.2007), *quoting United States v. Maher,* 454 F.3d 13, 23 (1st Cir.2006). However, despite this caution, we find that even without Detective Blaskiewicz's testimony regarding the reference of Defendant's name and approximate address by the off-duty police officer or other unnamed neighbors, Defendant would have been convicted for the same crimes.

■ Error in admitting evidence is not prejudicial requiring reversal unless it is outcome-determinative. *Douglas,* 131 S.W.3d at 824. A finding of outcome-determinative prejudice expresses a judicial conclusion that the erroneously admitted evidence so influenced a jury that, when considered with and balanced against all of the evidence properly admitted, there is a reasonable probability that the jury would have reached a different conclusion but for the erroneously admitted evidence. *Id.* Constitutional errors do not necessarily require reversal if we determine that the error was harmless beyond a reasonable doubt. *State v. Davidson,* 242 S.W.3d 409, 417 (Mo.App. E.D.2007) (internal citations omitted). "To find an error harmless beyond a reasonable doubt, we must find that no reasonable doubt exists that the admitted evidence failed to contribute to the jury's verdict." *Id.*

In reviewing the record, we find that the evidence of Defendant's guilt was overwhelming. Defendant was identified from the photo spread by one of the victims as the man who attempted to burglarize her home. When Defendant was arrested and searched, a $100 bill was located on him, connecting him to the burglary in which five $100 bills were taken. Property belonging to two other victims was found in Defendant's residence. DNA analysis placed Defendant at the scene of the various sexual assaults. One of the victims testified that she recognized Defendant from seeing him down the street from her home. Lastly, Defendant eventually confessed to police that he was a participant in the burglaries and participated in the sexual assaults.

Reviewing all of the evidence before us, we are unable to conclude that the jury would have reached a different verdict but for the admission of Detective Blaskiewicz's testimony of the references to "Keith"

made by the neighbors or off-duty police officer. To the contrary, the record before us points to the inevitable conclusion that the jury would have reached the same verdict even if the out-of-court statements had not been admitted into evidence. Defendant was not prejudiced by the admission of merely cumulative testimony regarding a reference to Defendant's name and approximate residence.

Accordingly, we conclude that admission of the testimony in question, whether or not hearsay, was not outcome-determinative and was harmless beyond a reasonable doubt under the circumstances of this case. We find beyond a reasonable doubt that Defendant would have been convicted even if Detective Blaskiewicz had been prevented from testifying about how he had received information that Defendant was a person of interest.

Defendant's point is denied.

### Conclusion

The judgment of the trial court is affirmed.

GLENN A. NORTON and PATRICIA L. COHEN, JJ., Concur.