

# Missouri Court of Appeals

## Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | |
| | ) | |
| v. | ) | No. SD36306 |
| | ) | Filed: October 8, 2020 |
| KEITH ANDRE DANIEL, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Calvin R. Holden, Circuit Judge

## AFFIRMED

Keith Daniel (Defendant) appeals from his convictions, after a bench trial, on four counts of child molestation in the first degree involving two victims. His single point contends the trial court abused its discretion in overruling Defendant's hearsay objection to the testimony of one victim regarding a statement made by the other victim. Defendant argues that the admission of said testimony violated Defendant's Sixth Amendment right to confrontation. *See* U.S. Const. amend. VI. Because defense counsel's objection did not include the confrontation issue, this point is not preserved for appellate review. We decline to engage in plain error review because Defendant has not met his burden of

demonstrating facially substantial grounds for believing that the alleged error resulted in a manifest injustice or miscarriage of justice.

## Facts and Procedural Background

Defendant was charged with four counts of child molestation in the first degree involving two victims: C.T. and D.P. During the bench trial, the following evidence was introduced.

C.T. and D.P. are the daughters of S.D. and J.M.[1] The family lived with S.D.'s brother, L.D.; his girlfriend, M.D.; and their two children in a two-bedroom house. Defendant was friends with L.D. and M.D. and would visit the home.

C.T. testified that, during some of Defendant's visits, Defendant touched her breasts and vagina when she was ten or eleven. Defendant pretended to tickle C.T., but he would touch her over or under her clothes. The State asked C.T. whether she knew that "something similar" had happened to D.P.:

> Q. All right. Did you ever become aware that something similar had happened to your sister [D.P.]?
>
> A. Yes.
>
> Q. How did you find out about that?
>
> [DEFENSE COUNSEL]: Objection. Hearsay.
>
> [PROSECUTOR]: And I'm not introducing it for the truth of the matter asserted, Your Honor.
>
> THE COURT: Okay. Only because it's a bench trial, I'll let you do that.
>
> Q. [By PROSECUTOR] How did you find out that something had happened?

---

[1] S.D. and J.M. were in a long-term relationship. C.T. is S.D.'s daughter and D.P. is J.M.'s daughter. C.T. and D.P. considered each other siblings and considered S.D. and J.M. as mother and stepmother.

A. A couple days after it happened to me, she told me it happened to her.

Q. Did the two of you, like, discuss the specific incidents; or was it just that you both mentioned it?

A. No, we didn't discuss it.

Following C.T.'s testimony, D.P. was called as a witness and testified. According to D.P., Defendant was babysitting one day and acted like he was going to tickle her. He then put his hands down her underwear and under her shirt, touching her vagina and breasts. D.P. was eleven or twelve when this event occurred.[2] During cross-examination, defense counsel asked D.P. about her conversation with C.T.:

Q. So you said also that at some point you spoke with [C.T.] about what had happened to you?

A. Yes. No specifics.

Q. Was that that night when you said you told [S.D.] or was that later?

A. It was either that night or the next day.

Q. So did you think you told [C.T.] before you told [S.D.]?

A. No.

Q. Would it have been at the same time?

A. Yeah.

Q. Okay. So would you have told her when [C.T.] was telling her about what had happened to her?

A. Yeah.

Q. Okay. So at that time you guys both were talking to [S.D.]?

A. Yes.

---

[2] C.T. and D.P. gave interviews at a Child Advocacy Center. The interview tapes were played for the judge, who ruled that he would disregard any hearsay on the tapes.

Q. Was there anybody else there when you were telling [S.D.]?

A. No, I don't think so.

Q. Do you recall ever telling [L.D.] before you told [S.D.]?

A. Yeah.

Q. So when do you think you told [L.D.]?

A. I think I told him before – before [S.D.].

Q. Okay. Do you think you told him on the day that it happened?

A. Yes. Yeah.

Q. Okay. And so the following day you would have told [S.D.] and [C.T.]?

A. Yeah.

The trial court found Defendant guilty on all four counts of child molestation in the first degree and imposed sentences. This appeal followed.

**Discussion and Decision**

Defendant contends the trial court abused its discretion in overruling counsel's hearsay objection to the testimony of C.T. that D.P. told her something similar happened to her. Defendant argues that such testimony violated Defendant's Sixth Amendment constitutional right to confrontation. Because defense counsel did not include the confrontation issue in the objection made at trial, Defendant's allegation of error is not preserved.

To preserve an issue for appellate review: (1) the objection must be specific; and (2) the point on appeal must be based upon the same theory. *State v. White*, 466 S.W.3d 682, 686 (Mo. App. 2015). The only objection made by defense counsel at trial to C.T.'s testimony was hearsay. In *State v. Chambers*, 891 S.W.2d 93, 103-04 (Mo. banc 1994),

4

one of defendant Chamber's points on appeal was that his Sixth Amendment right to confrontation was violated by the admission of hearsay testimony. Because defense counsel only raised a hearsay objection, the constitutional confrontation issue was not preserved:

> Chambers did not preserve constitutional claims about Ieppert's testimony because his only objection was on hearsay grounds. To preserve appellate review, constitutional claims must be made at the first opportunity, with citations to specific constitutional sections. A hearsay objection does not preserve constitutional claims relating to the same testimony. This Court's review is thus discretionary, for plain error causing manifest injustice or miscarriage of justice. *Rule 30.20.*

*Id*. at 103-04 (case citations omitted); *see **State v. Allison***, 326 S.W.3d 81, 90 n.6 (Mo. App. 2010). Thus, the objection to C.T.'s testimony as hearsay did not preserve the constitutional Sixth Amendment confrontation issue.

Pursuant to Rule 30.20, "all errors – whether statutory, constitutional, structural, or based in some other source – are subject to the same treatment under this Court's plain error framework." **State v. Brandolese**, 601 S.W.3d 519, 529 (Mo. banc 2020). An appellate court should not engage in plain error review pursuant to Rule 30.20, unless the defendant meets his or her burden of establishing facially substantial grounds for believing that the alleged error resulted in a manifest injustice or miscarriage of justice. **Brandolese**, 601 S.W.3d at 525-26. Based upon our review of the record, Defendant cannot meet that burden.

First, when defense counsel made the hearsay objection, the prosecutor stated that he was not offering C.T.'s statement for the truth of the matter asserted. The trial judge, who was the fact-finder, admitted the testimony on that basis. If a statement is not offered for the truth of the matter asserted, it is not hearsay. **State v. Douglas**, 131 S.W.3d 818,

5

823-24 (Mo. App. 2004). Moreover, D.P. testified about how she was touched by Defendant and was cross-examined about the statement she made to C.T. Therefore, the admission of C.T.'s testimony was not prejudicial. *See **McFadden v. State***, --- S.W.3d ---, 2020 WL 1861425, at *4 (Mo. banc Apr. 14, 2020) (the admission of hearsay is not prejudicial if the declarant testified at trial on the same matter, and was subject to cross-examination).

Second, "the Confrontation Clause is not concerned with and does not bar non-testimonial hearsay." **State v. Myers**, 248 S.W.3d 19, 24 (Mo. App. 2008). D.P.'s statement was made to C.T. "Statements that are not made to law enforcement personnel or governmental agents are not testimonial in nature, and Confrontation Clause protection does not extend to those situations, though the law applying to hearsay may be applicable." ***Id***.

We decline to review Defendant's point for plain error. The trial court's judgment is affirmed.

JEFFREY W. BATES, C.J./P.J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCUR

MARY W. SHEFFIELD, J. – CONCUR