

# In the Missouri Court of Appeals
# Eastern District

### DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED112656 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of St. Francois County |
| vs. | ) | 21SF-CR00977-01 |
| | ) | |
| WALTER DALLAS, | ) | Honorable Wendy L. Wexler Horn |
| | ) | |
| Appellant. | ) | Filed: May 20, 2025 |

Walter Dallas ("Defendant") appeals the judgment, following a jury trial, finding him guilty of stealing $25,000 or more (Count I), stealing a motor vehicle (Count II), and property damage in the first degree (Count III). The trial court sentenced Defendant as a prior and persistent offender to fifteen years of imprisonment for Count I, seven years of imprisonment for Count II, and four years of imprisonment for Count III, with all sentences to run concurrently. We affirm.

## I. BACKGROUND

The State charged Defendant with the above crimes for his alleged role in a September 2021 incident in which a group of individuals stole a truck and subsequently used it to damage a bank ATM and steal over $25,000 from inside. The case proceeded to trial in November 2023.

At a pretrial conference, the trial court heard arguments from the State and defense counsel regarding multiple pretrial motions in limine filed by the parties. Relevant to this

appeal, defense counsel argued a motion attempting to confine the trial testimony of any police officers or Federal Bureau of Investigation ("FBI") agents to only what was necessary to explain their subsequent police conduct. Specifically, defense counsel requested the court to: (1) limit law enforcement testimony to discussion of an "ongoing investigation" involving Defendant that resulted in a tracker being placed on a white Nissan Altima ("White Altima") that Defendant was known to be traveling in; and (2) forbid any testimony regarding "other ATM thefts" that might be prejudicial to Defendant. The trial court agreed with defense counsel and ruled the testimony at trial from law enforcement agents would be limited to explaining "there was an ongoing investigation and, due to that investigation, a tracking device was placed" on the White Altima, allowing the State to explain subsequent police conduct without mentioning any previous ATM robberies. Defense counsel had no objection to the trial court's ruling on the motion.

At trial, the State presented testimony from numerous witnesses, including a special agent with the FBI in St. Louis ("Agent") who testified about his role in apprehending Defendant. Relevant to this appeal, Agent testified that on September 13, 2021, he was contacted by an officer "out of the Houston FBI office" who "indicated [] there was an ongoing investigation and [that the FBI] had obtained a Texas state search warrant to install a GPS tracking device on [the White Altima] . . . currently heading north out of the Houston area." The following day, Agent traveled to St. Francois County along with a second FBI agent after receiving information that the vehicle had arrived in the area. Agent further testified that after arriving in St. Francois County, he was "getting updates from a couple Texas Department of Public Security officers that had followed [the White Altima] up from Texas." While Agent attempted to monitor the vehicle through GPS, the second FBI agent tried "to get together [a] group of law enforcement officers"

and "spoke to several officers from some different departments." Defendant was ultimately apprehended through the combined efforts of FBI agents and local law enforcement.

The jury found Defendant guilty of stealing $25,000 or more, stealing a motor vehicle, and property damage in the first degree. The trial court sentenced Defendant as a prior and persistent offender to a total of fifteen years of imprisonment. This appeal followed.[1]

## II.    DISCUSSION

In his sole point on appeal, Defendant argues the trial court committed reversible error by allowing Agent to testify as to details regarding the ongoing investigation of Defendant. We disagree.

### A.    Standard of Review and General Law

A trial court has broad discretion to admit evidence at trial, and error occurs only when the court clearly abuses its broad discretion. *State v. Hollowell*, 643 S.W.3d 329, 336 (Mo. banc 2022). An abuse of discretion occurs when the trial court's ruling "is clearly against the logic of the circumstances then before the court and is so unreasonable and arbitrary that it shocks the sense of justice and indicates a lack of careful, deliberate consideration." *State v. Loper*, 609 S.W.3d 725, 731 (Mo. banc 2020) (citation omitted).

Additionally, this Court will only reverse a trial court's decision when the erroneous admission of evidence is so prejudicial as to deprive a defendant of a fair trial. *Hollowell*, 643 S.W.3d at 336; *State v. Anderson*, 76 S.W.3d 275, 277 (Mo. banc 2002). A defendant is deprived of a fair trial when "the erroneously admitted evidence improperly influenced the jury to a point at which there is a reasonable probability that, but for the improperly admitted evidence, the jury would have reached a different result." *Hollowell*, 643 S.W.3d at 337.

---

[1] To avoid unnecessary repetition, additional facts relevant to Defendant's point on appeal will be set forth in Section II.B. of this opinion.

However, a defendant may not assert prejudice by challenging evidence that is cumulative to other evidence properly admitted at trial. *State v. Brandolese*, 601 S.W.3d 519, 536 (Mo. banc 2020).

Hearsay, defined as an out-of-court statement used to prove the truth of the matter asserted, is generally inadmissible at trial. *Loper*, 609 S.W.3d at 738. However, out-of-court statements that are offered to explain subsequent police conduct, such as statements explaining relevant background information and providing continuity, are admissible at trial because these statements are not offered for the truth of the matter asserted. *Id*.; *Hollowell*, 643 S.W.3d at 337. Such statements are admissible only if they do not go beyond what is necessary to explain subsequent police conduct. *Hollowell*, 643 S.W.3d at 337.

**B. Analysis and Conclusion as to Defendant's Sole Point on Appeal**

Defendant's sole point on appeal argues the trial court abused its discretion in allowing Agent to testify as to details regarding the ongoing investigation of Defendant that were unnecessary to explain subsequent police conduct, and furthermore that Defendant was so prejudiced by the admission of this evidence as to deprive him of a fair trial. Defendant specifically argues several portions of Agent's testimony "constituted impermissible hearsay" that "went far beyond what was necessary" to explain subsequent police conduct, including: (1) Agent's statement about the FBI office in Houston informing him they had obtained a search warrant for GPS tracking on the White Altima; (2) Agent's testimony that he was receiving updates from officers with the Texas Department of Security that had followed the White Altima from Texas; and (3) Agent's statement that another FBI agent spoke to several police officers from different departments. Importantly, Defendant claims he was prejudiced by these statements because they "went directly to a critical issue" in the case, namely whether Defendant

4

"acted together with" three other individuals when committing the charged crimes.

Defendant relies heavily upon two cases in his brief on appeal: *Hollowell*, 643 S.W.3d 329, and *State v. Douglas*, 131 S.W.3d 818 (Mo. App. W.D. 2004). In *Hollowell*, the Missouri Supreme Court held, *inter alia*, that a trial court erred in allowing testimony beyond what was necessary to explain subsequent police conduct and that the court's error prejudiced the defendant. 643 S.W.3d at 336-40. The Western District of this Court reached similar conclusions in *Douglas*. 131 S.W.3d at 822-26. However, both *Hollowell* and *Douglas* are clearly distinguishable from the facts of this case. In both cases, the analysis of whether the trial court committed reversible error turned on whether the challenged testimony was the *only* direct evidence presented at trial regarding a disputed factual issue, and both courts found that it was. *See Hollowell*, 643 S.W.3d at 338-39; *Douglas*, 131 S.W.3d at 825-26. Defendant's case presents a starkly different scenario.

Viewed in the light most favorable to the jury's verdicts in this case, *see State v. Hall*, 982 S.W.2d 675, 680 (Mo. banc 1998), the following relevant evidence was presented at Defendant's trial. The State played video exhibits of an ATM robbery taken from both a surveillance camera located on the ATM itself and a surveillance camera located at a business across the street. In the videos, a stolen truck pulls into the grass in front of an ATM, after which Defendant and another individual emerge from the truck and attempt multiple times to attach straps to the ATM, eventually succeeding and allowing the driver to accelerate the truck and pull the covering from the ATM. Defendant and the other individual then collect the cash cannisters from inside the ATM and re-enter the stolen truck with the cannisters, at which point the driver of the truck pulls away with all three individuals inside. Shortly after the events depicted in the video exhibits, Defendant and three other suspects were stopped by police in the White Altima,

and all four individuals were eventually detained following a short standoff. A black plastic bag filled with over $86,000 in cash was discovered under the driver's seat of the vehicle, along with a "tow strap" and a "chain with a hook on it." Defendant's cell phone and photo ID were also found inside the White Altima, and the pants Defendant was wearing after his arrest matched the pants he was seen wearing in the video of the ATM robbery. Police found the stolen truck used in the ATM robbery abandoned behind a nearby business, with empty cash cannisters lying on the ground outside of the vehicle.

Based on the foregoing, Agent's testimony was far from the only evidence presented at trial to resolve the factual issue of whether Defendant "acted together with" three other individuals when committing the charged crimes. Accordingly, the trial court did not abuse its discretion in admitting the challenged testimony from Agent. *See Loper*, 609 S.W.3d at 739 (similarly holding); *cf. Hollowell*, 643 S.W.3d at 336-40 (holding the trial court abused its discretion where testimony that went beyond what was necessary to explain subsequent police conduct was the only direct evidence regarding a disputed factual issue that directly implicated the defendant in the charged crimes).

Additionally, the trial court's ruling during the pretrial conference limiting evidence of the "ongoing investigation" of Defendant shows the court and all counsel were concerned about Agent's testimony going beyond what was necessary to explain subsequent police conduct. In fact, the record in this case shows the testimony from Agent was successfully limited at trial in precisely the way Defendant requested at the pretrial conference – i.e., to avoid mention of any previous ATM robberies implicating Defendant. Accordingly, this Court cannot say the trial court abused its broad discretion by admitting Agent's testimony because the trial court's decision to do so indicates careful, deliberate consideration, and the court ultimately succeeded

6

in limiting the testimony as Defendant requested. *See Hollowell*, 643 S.W.3d at 336; *Loper*, 609 S.W.3d at 731; *State v. Edwards*, 116 S.W.3d 511, 532-33 (Mo. banc 2003) (similarly holding).

Finally, we note that even if the trial court had erred in admitting Agent's testimony, Defendant's point on appeal would still fail because he has not shown prejudice sufficient to deprive him of a fair trial under the circumstances of this case. *See Hollowell*, 643 S.W.3d at 336; *Anderson*, 76 S.W.3d at 277. As described above, the State presented ample evidence at trial showing Defendant "acted together with" three other individuals in committing the charged crimes. Accordingly, no reasonable probability exists that the jury would have reached a different result had Agent's challenged testimony not been admitted because the testimony was cumulative to other admitted evidence regarding the same disputed factual issue. *See Hollowell*, 643 S.W.3d at 337; *Brandolese*, 601 S.W.3d at 536; *cf. Douglas*, 131 S.W.3d at 824-26 (finding prejudice because there was a reasonable probability the jury relied on inadmissible testimony when the testimony was the only evidence regarding a disputed factual issue).

Defendant's sole point on appeal is denied.

### III.    CONCLUSION

The trial court's judgment is affirmed.

_____
ROBERT M. CLAYTON III, Judge

John P. Torbitzky, P.J., and
Michael S. Wright, J., concur.

7