STATE of Missouri, Plaintiff–Respondent,

v.

Richard A. LEIVAN, Defendant–Appellant.

No. 24889.

Missouri Court of Appeals, Southern District, Division Two.

April 30, 2003.

---

Robert W. Richart, Tomie K. Parsons, Joplin, for defendant–appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Stephanie Morrell, Assistant Attorney General, Jefferson City, for plaintiff–respondent.

NANCY STEFFEN RAHMEYER, Chief Judge.

Richard A. Leivan ("Defendant") appeals his conviction for manufacturing a controlled substance, a violation of § 195.211,[1] and possession of a controlled substance, a violation of § 195.202. He was sentenced, as a prior drug offender pursuant to § 195.285, to ten years imprisonment for each charge with the sentences to run concurrently.

Defendant raises four points on appeal. Defendant's first point claims trial court error by overruling Defendant's motion for judgment of acquittal and motion for new trial because of the ineffective assistance of trial counsel. Defendant's second point assigns error to the trial court in overrul-

ing Defendant's objection to the admission of an audiotape and in allowing an officer to testify as to the contents of that audiotape. Defendant's third point asserts the convictions were against the weight and sufficiency of the evidence. Defendant's fourth point alleges trial court error in overruling Defendant's objections to remarks made in the State's closing arguments. Because of the disposition of the points presented on appeal, only a limited number of facts are necessary and will be discussed with each point. Finding no reversible error, we affirm the conviction.

Defendant's first point claims the trial court erred in overruling Defendant's motion for judgment of acquittal and motion for new trial because of the "constitutionally ineffective assistance of [Defendant]'s appointed counsel[.]" Defendant then includes six allegations regarding the ineffective assistance of counsel.[2]

Rule 29.15(a)[3] provides as follows:

A person convicted of a felony after trial claiming that the conviction or sentence imposed violates the constitution and laws of this state or the constitution of the United States, *including claims of ineffective assistance of trial and appellate counsel* ... may seek relief in the sentencing court pursuant to the provisions of this Rule 29.15. This *Rule 29.15 provides the exclusive procedure* by which such person may seek relief in the sentencing court for the claims enumerated.

---

1. All references to statutes are to RSMo 2000, unless otherwise indicated.

2. Within the argument of his brief, Defendant raises a separate claim of trial court error; however, as an appellate court, we review only those issues raised in the points relied on. *State v. York*, 931 S.W.2d 185, 189 (Mo. App. S.D.1996).

3. All rule references are to Supreme Court Rules (2002), unless otherwise stated.

*(emphasis added).* Under this rule, it is clear the only means of addressing Defendant's claims of ineffective assistance of counsel are through a Rule 29.15 motion in the sentencing court. Therefore, Defendant's first point is not reviewable by this court. Point one is dismissed.

■ Defendant's second point alleges that the trial court erred in overruling defense counsel's objection to the admission of an audiotape and in allowing Corporal Thomas Stevens ("Stevens") testimony explaining the contents of the audiotape. At trial, defense counsel attempted to prove the elements of the entrapment defense to show Defendant was not guilty. Defense counsel, during the cross-examination of Stevens, introduced into evidence an audiotape of a conversation that occurred between Defendant and a confidential informant for the law enforcement officers. Defense counsel asked Stevens about the contents of the audiotape and offered alternative explanations for what was heard on the audiotape.[4] During redirect, the State also elicited Stevens' testimony as to what was on the audiotape without any objection by defense counsel.

Defense counsel offered the audiotape into evidence. It is well-established "that a defendant may not take advantage of self-invited error of his own making." *State v. Mayes,* 63 S.W.3d 615, 632 n. 6 (Mo. banc 2001). Defendant's claim of error regarding the admission of the audiotape must fail.

■ Regarding Stevens' testimony about the contents of the audiotape, defense counsel failed to make any objection at trial and, in fact, elicited a considerable amount of testimony from Stevens on the topic of the audiotape's contents. Because Defendant failed to object at trial, Defendant has failed to preserve this claim for appeal and this Court may only review for plain error. *State v. Barnum,* 14 S.W.3d 587, 592 (Mo. banc 2000); Rule 30.20. Plain error review is to be used sparingly, and its application is limited to those cases where there is a strong, clear demonstration of manifest injustice or a miscarriage of justice. *State v. Varvera,* 897 S.W.2d 198, 201 (Mo.App. S.D.1995). Given the circumstances described above, we are unable to find manifest injustice or a miscarriage of justice. Point two is denied.

Defendant's third point reads as follows:

The trial court erred in overruling [Defendant]'s motion for judgment of acquittal or, in the alternative, for new trial raised at the close of the state's evidence, and, once again, raised at the close of all of the evidence, because the convictions were against the weight and sufficiency of the evidence presented at trial or, alternatively, contrary to the weight and sufficiency of the evidence which should have been presented at trial absent the erroneous evidentiary rulings of the trial court, in that the evidence clearly established the entrapment defense raised by [Defendant], the evidence failed to establish payment of the sum of $225.00 dollars in exchange for drugs and otherwise due to the numerous trial errors raised by [Defendant].

Defendant argues that the "trial court failed to recognize the nature and quality of the evidence, which originally established the entrapment defense raised by [Defendant] and, further, on the additional basis of the trial errors which occurred before the end of the State's case, which

---

4. The audiotape was reportedly of poor quality; therefore, the contents were subject to more than one interpretation.

separately compels setting aside of the judgment...."

We are at a loss to ascertain the meaning of Defendant's point. Further, the argument in support of this point is totally inadequate and fails to enlighten us as to the meaning of the point relied on. The argument consists of a subheading and two brief paragraphs, which are then repeated in their entirety. Neither the subheading nor the two paragraphs attempts to explain the issues raised. Defendant offers no additional support and fails to cite a single case, beyond the applicable standard of review, supporting this point. Consequently, this justifies a decision the point has been abandoned. *Koenig v. State*, 17 S.W.3d 911, 911–12 (Mo.App. W.D.2000). Point three is denied.

█ Defendant's fourth point contends that the trial court erred in overruling trial counsel's objections to remarks made in the State's closing arguments because certain remarks were an impermissible comment on Defendant's post-*Miranda*[5] silence and other remarks constituted improper personal vouching for the police officer. During closing arguments, the State made reference to the fact that Defendant did not present the entrapment defense at the time of his arrest but several months later. Defense counsel objected on the basis of improper argument and the objection was overruled. During Defendant's closing arguments, he questioned the methods used by Stevens in securing the search warrant and the resulting arrest. In rebuttal argument, the State noted that there were "a lot of ways to bust a drug user, a drug cook and a drug distributor[,]" and that Stevens "did a good job. He busted a meth cook." Defendant's only objection was personalization, which was overruled.

Defendant alleges that the State's comments in closing argument regarding the length of time between Defendant's arrest and his development of the entrapment defense were an improper comment on his post-*Miranda* silence. At trial, however, Defendant's only objection to this series of comments was "improper argument." Similarly, Defendant alleges that the State's comments in rebuttal argument regarding Stevens amounted to impermissible personal vouching of the law enforcement officer. At trial, however, Defendant's only objection to the comments was "personalization."

█ On appeal, a party is limited to the specific objections presented to the trial court. *State v. Webber*, 982 S.W.2d 317, 324 (Mo.App. S.D.1998). A party is not permitted to broaden the objection presented to the trial court and cannot rely on a theory different from the one offered at trial. *Id.* Therefore, we are limited to plain error review.

█ Plain error review under Rule 30.20 is discretionary. *State v. Chaney*, 967 S.W.2d 47, 59 (Mo. banc 1998); *State v. Smith*, 979 S.W.2d 215, 217 (Mo.App. S.D.1998). Plain error review is to be used sparingly, and its application is limited to those cases where there is a strong, clear demonstration of manifest injustice or a miscarriage of justice. *Varvera*, 897 S.W.2d at 201. "Unless a claim of plain error facially establishes substantial grounds for believing that 'manifest injustice or miscarriage of justice has resulted,' this [c]ourt will decline to exercise its discretion to review for plain error under Rule 30.20." *Chaney*, 967 S.W.2d at 59 (*quoting State v. Roberts*, 948 S.W.2d 577, 592 (Mo. banc 1997)).

Defendant, after being read his *Miranda* rights, told Stevens that Defendant

5. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

had been manufacturing methamphetamine for approximately one year. The officers found containers of methamphetamine in various stages of the manufacturing process in Defendant's bedroom and kitchen. The containers were found after Stevens, concerned for the officers' safety, asked Defendant where the methamphetamine was and at what stage of the manufacturing process it was in. Defendant told Stevens the location of the containers and the various stages.

In keeping with the *Chaney* standard, we decline to exercise our discretion to review Defendant's point for plain error as it fails to facially establish substantial grounds for believing that the State's comments in closing remarks resulted in manifest injustice or a miscarriage of justice. Point four is denied.

The judgment is affirmed.

PARRISH, J., and ANDERSON, Sr. J., concur.