**STATE of Missouri, Plaintiff–
Respondent,**

v.

**Sheryl EDBERG, Defendant–Appellant.**

No. 26844.

Missouri Court of Appeals,
Southern District.

March 9, 2006.

Kent Denzel, Asst. Public Defender, Columbia, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Dora A. Fichter, Asst. Atty. Gen., Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Presiding Judge.

Sheryl Edberg ("Appellant") was charged by amended information with arson in the second degree in violation of section 569.050.[1] The information alleged that on or about March 7, 2003, Appellant knowingly damaged a building, consisting of a garage, owned by Ronald Schroeder and located at 405 E. Spencer Street, Cuba, Missouri, by starting a fire. Appellant was tried before a jury on October 22, 2004, and found guilty. The court sentenced Appellant as a prior offender to seven years in the Missouri Department of Corrections. She now appeals, but does not challenge the sufficiency of the evidence.

Viewed in the light most favorable to the verdict, the following evidence was presented at trial. Appellant believed her girlfriend, Heather Shelton, was involved in an affair with Rob Schroeder, who was Shelton's landlord. Appellant told Helen Fritz prior to the incident that, if Schroeder did not leave her girlfriend alone, she was going to "get" his toys, his home, or his rental properties. When asked what "get" his toys, his home, or his rental properties meant, Fritz explained that Appellant told her, "I'll burn his toys and his apartment."

Schroeder stored three of his own motorcycles and a 2001 Harley Davidson owned by his ex-wife in his garage.[2] On the day of the incident, Schroeder rode one of the motorcycles, returned it to the garage and left the garage unlocked. Appellant went to Schroeder's garage, placed a rag in the gas tank of one of the motorcycles and lit it, igniting a fire in the garage. When Schroeder arrived at the garage later that evening, he saw black around the sliding glass doors of the garage where the smoke had exited; he also found the 2001 Harley Davidson motorcycle laid on its side with a rag sticking out of the gas tank. Schroeder testified that the fire had damaged all the other motorcycles and the inside of the garage for a total of $80,000 in damage.[3] The fire marshal determined that the fire was intentionally set and that its origin was the rag placed in the engine of the 2001 Harley Davidson.

After she had set fire to the motorcycle, Appellant arrived at the home of a friend she had met in prison, Kristine Thomas; and her sister, Erin Davis. Appellant appeared upset and asked the sisters to drop her off at a motel. As they were driving around looking for a motel, Appellant told Davis and Thomas that because she believed her girlfriend was having an affair with Schroeder, Appellant had set his motorcycles on fire. Appellant told them that her girlfriend was going to be the "most expensive piece of [a—] that [Schroeder] got because [Appellant had] lit his motorcycles on fire." Appellant admitted that she put a rag in the gas tank of one of the motorcycles, lit it, used the sleeves of her coat to cover her fingertips, and that the motorcycles were still burning.

Davis and Thomas helped Appellant find a hotel room and then left. Thomas, who

---

1. All references to statutes are to RSMo 2000, unless otherwise specified.

2. Schroeder testified that his ex-wife's motorcycle was a 2000 Harley Davidson, but during subsequent questioning it was referred to as a 2001 Harley Davidson.

3. Schroeder received insurance benefits of $54,000 for the damage.

was on parole at the time, was afraid that she might be implicated in the arson; she went to her parole officer to relay what she had learned from Appellant. Davis also agreed to make a statement to the authorities explaining what she had learned. Appellant did not testify at trial. Appellant asserts two points on appeal regarding the admission of evidence at the trial.

 When reviewing the admission or exclusion of evidence at trial, the reviewing court will not disturb the trial court's ruling absent a clear abuse of discretion because trial courts have broad discretion in assessing the admissibility of evidence. *State v. Robinson*, 111 S.W.3d 510, 513 (Mo.App. S.D.2003). A trial court abuses its discretion if the ruling is: (1) clearly against the logic of the circumstances presented to the court, and (2) is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration. *Shirrell v. Missouri Edison Co.*, 535 S.W.2d 446, 448 (Mo. banc 1976). When reasonable minds can disagree as to the action taken by the trial court, then the trial court has not abused its discretion. *State v. Tyra*, 153 S.W.3d 341, 345 (Mo.App. S.D.2005). Further, a conviction will not be reversed for mere error; the Appellant has to show both error and the prejudice resulting from the error. *Id.* Prejudice exists when the Appellant demonstrates that in the absence of such error a reasonable probability exists that the verdict would have been different. *Id.*

 First, Appellant alleges that the trial court abused its discretion in overruling Appellant's objection to Davis's testimony that her sister met Appellant in prison because it associated Appellant with uncharged crimes, was not probative, and was offered only to portray Appellant as a person of bad character with a propensity to commit crimes in general. At trial, Appellant objected to the question regarding prison time by stating that it was "highly prejudicial." In contrast, Appellant now specifically argues that the evidence was not admissible because the bad character of an accused is not suitable for inquiry and evidence of prior uncharged misconduct is inadmissible for the purpose of showing the propensity of the defendant to commit such crimes. Appellant is limited to the specific objection made before the trial court. *State v. Leivan*, 103 S.W.3d 425, 429 (Mo.App. S.D.2003). "A party is not permitted to broaden the objection presented to the trial court and cannot rely on a theory different from the one offered at trial." *Id.* Therefore, we are limited to plain error review. *Id.*

 Plain error review as authorized by Rule 30.20 is discretionary.[4] *State v. Smith*, 979 S.W.2d 215, 217 (Mo.App. S.D. 1998). The plain error rule must be used sparingly by appellate courts and should not be used to justify review of allegations of error that have not been properly preserved. *State v. Estes*, 160 S.W.3d 457, 459 (Mo.App. S.D.2005). Appellant must show prejudicial error and that the error so substantially affected the appellant's rights that a manifest injustice or a miscarriage of justice would inexorably result if the error was to be left uncorrected. *Id.* at 459–60. Appellant has the burden of proving manifest injustice or miscarriage of justice. *Id.* at 460. This Court must determine if the claimed plain error facially establishes substantial grounds for believing a manifest injustice or miscarriage of justice has occurred and if we find that facially substantial grounds exist, it then determines whether a manifest injustice or

---

**4.** All rule references are to Missouri Court Rules (2005), unless otherwise specified.

a miscarriage of justice has actually occurred. *Id.*

■ Appellant is unable to show that prejudice resulted from any claimed error. Davis's testimony that her sister met Appellant in prison was not the only testimony of this nature. Thomas, a key witness for the State, testified the reason she went to her parole officer was the fear of losing her parole; she also testified without objection that she had met Appellant while in prison. Any claim of error is not considered prejudicial where similar evidence has either been properly admitted elsewhere in the case or has come into evidence without objection. *State v. Rippee,* 118 S.W.3d 682, 686 (Mo.App. S.D.2003). Further, the unchallenged testimony of both sisters that Appellant admitted burning the motorcycles, as well as the threat Appellant conveyed to Fritz regarding Schroeder, is highly probative and support Appellant's conviction without evidence that Appellant had been in prison. Appellant has not shown any prejudice, nor proved a manifest injustice. We decline plain error review. Point I is denied.

■ Next, Appellant claims that the trial court abused its discretion in overruling Appellant's objection to and request to strike a purported leading question and answer asked of Fritz about the statement Appellant made to her. Appellant claims she was prejudiced because the jury would not have the evidence of the threat to Schroeder without the testimony that Appellant was going to "burn [Schroeder's] toys and his apartment." The question and answer objected to and the request to strike follows:

[Prosecutor]: During the course of that evening did [Appellant]—[Appellant] make some statements regarding Rob Schroeder?

[Fritz]: Yes, sir, she did.

[Prosecutor]: What did she say?

[Fritz]: She said that if he don't leave Heather alone that she's either going to get his toys or his home or his rental properties.

[Prosecutor]: Did she say what she meant by "get them"?

[Fritz]: No, she did not.

[Prosecutor]: Ma'am, you made a written statement in this previously, didn't you?

[Fritz]: Yes, I did.

[Prosecutor]: Do you recall doing that?

[Fritz]: Yes, I do.

[Prosecutor]: Did you tell the truth in that statement?

[Fritz]: Yes, sir.

[Prosecutor]: I'm going to ask you to review it and refresh your memory.

[Defense Counsel]: Objection, Judge, she hasn't said that she's forgotten anything.

THE COURT: Sustained.

[Prosecutor]: Ma'am, did she say the words "I'll burn his toys and his apartment"?

[Fritz]: Yes, sir.

[Defense Counsel]: Objection as to leading, and I'd ask that that be struck.

THE COURT: Overruled.

■ A court may allow questioning of a witness on direct examination to refresh the witness's memory by directing attention to a particular matter, referring to a prior statement or prior testimony, or by reading prior testimony or a portion thereof, especially when it appears that the witness is hostile or evasive. *State v. Sanderson,* 528 S.W.2d 527, 532 (Mo.App. St.L.D.1975). It is clear from the record that the prosecutor was refreshing Fritz's memory. When the prosecutor asked Fritz if Appellant had explained to her what she meant by "get," Fritz answered,

"[n]o, she did not." Fritz had given a statement previously where she explained that Appellant had also said, "I'll burn his toys and his apartment." When Fritz testified that Appellant had not told her what she meant by "get," it forced the prosecutor to produce a previous statement made by Fritz and ask her a leading question.

■ The trial court is vested with discretion to permit leading questions and unless that discretion is abused, there is no reversible error. *State v. Allison*, 845 S.W.2d 642, 647–48 (Mo.App. W.D.1992). The trial court in the instant case did not abuse its discretion in allowing the prosecutor to ask a single leading question of Fritz. It is reasonable to believe that Fritz forgot Appellant had told her she was going to "burn his toys and his apartment." Furthermore, immediately after the objection and motion to strike, Fritz stated, without objection, "[Appellant] said that if [Schroeder] don't leave Heather alone that she's going to burn his toys and his rental property." Appellant cannot be prejudiced where the testimony was cumulative of other testimony properly admitted. *State v. Williams*, 664 S.W.2d 226, 227–28 (Mo.App. E.D.1983). Appellant's second point is denied. The judgment is affirmed.

PARRISH and LYNCH, JJ., concurring.