**STATE of Missouri, Plaintiff–Respondent,**

v.

**Travis D. MACK, Defendant–Appellant.**

**No. SD 29477.**

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 13, 2010.

---

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Attorney General, and Daniel N. McPherson, Assistant Attorney General, Jefferson City, MO, for Respondent.

GARY W. LYNCH, Presiding Judge.

Travis Mack ("Defendant") appeals the trial court's judgment convicting him of first-degree murder, pursuant to section 565.020,[1] and armed criminal action, pursuant to section 571.015. Specifically, Defendant claims that the trial court improperly admitted three hearsay statements, thereby depriving Defendant of his right to confrontation, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 18(a) of the Missouri Constitution. Finding no plain error, the judgment is affirmed.

1. All statutory references are to RSMo 2000.

## Factual and Procedural Background

This Court views the evidence presented at trial, as well as all reasonable inferences that can be drawn therefrom, in the light most favorable to the verdict; we reject all contrary evidence and inferences. *State v. Newberry*, 157 S.W.3d 387, 390 (Mo.App.2005). In that context, the following was adduced at trial.

On the evening of April 27, 2007, Kenneth Dixon ("Victim") and two friends, Patrick Bailey and Richard Womack, decided to go to Traffic Nightclub in downtown Springfield. While walking from their vehicle to the club, the three men saw Defendant, who they knew by the name of "Smoke." As Defendant walked by, Bailey asked him, in a joking manner, why he was limping. At the time, according to Womack, it was a commonly held belief that Defendant limped because Victim had previously shot Defendant in the leg. Victim and Defendant exchanged words and indicated that they might fight each other, but shortly continued on their respective ways without doing so. As Victim and Bailey continued on to the club, Womack stayed and finished talking to Defendant. During that conversation, Defendant related to Womack the circumstances surrounding the previous incident when he had been shot by Victim, and Defendant told Womack that it was an accidental shooting.[2] Womack then rejoined Victim and Bailey as they continued on to the club, but they were unable to get inside, as Victim was the only one with adequate identification. The three men then went around the corner to another nightclub, Highlife.

After having a drink at Highlife, Victim and his friends left and began walking toward their car, which was parked near Traffic. On their way, they again met Defendant, who was now accompanied by three other individuals. Victim and Defendant again had a confrontation, which this time escalated into a brief fistfight. At some point during the altercation, Defendant asked one of his companions for a gun. Once he took possession of the gun, Defendant shot Victim in the chest; Victim immediately fell to the ground. Defendant walked up to Victim and shot him in the head before fleeing the scene.

When police arrived on the scene, everyone but Bailey and Womack dispersed. Bailey told police that "Smoke" shot Victim. Two baseball hats were found at the scene, one of which held DNA consistent with Defendant's.

An autopsy showed that Victim had been shot twice, once in the chest and once in the forehead. The medical examiner determined that the shot to the chest had been fired first and was lethal. The bullet almost bisected the carotid artery. The medical examiner further determined that, had the shot to the chest not killed Victim, the shot to the head would have.

Womack testified at trial that, among his group of friends, there was a "generally held belief" that Victim had shot Defendant in the past, and that Defendant had not retaliated in any way prior to April 27, 2007. Defendant objected to this testimony, but the trial court overruled his objection on the grounds that this "generally held belief" went to a possible motive.

Springfield Police Detectives Chris Barb and Tad Peters, two of the officers who responded to the scene that night, also testified at trial. Detective Barb interviewed Bailey shortly after the shooting

2. Defendant did not lodge any objection in the trial court to Womack's testimony of this admission made by Defendant, and, likewise, does not challenge the admissibility of this testimony in this appeal.

and, over objection, testified that Bailey stated that Victim shot Defendant in the past. Detective Peters, who interviewed Womack, testified similarly, stating, over objection, that Womack had told him that Victim shot "Smoke" about four years earlier.

The jury found Defendant guilty on both counts. Defendant waived jury sentencing, and the trial court sentenced him to two consecutive terms of life imprisonment on each count, the sentence for murder being without the possibility of parole. This appeal timely followed.

### Standard of Review

■■■■■ Ordinarily, a trial court is given wide latitude in admitting evidence, *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006), and we review its decisions for an abuse of discretion. *State v. Madorie*, 156 S.W.3d 351, 355 (Mo. banc 2005). "This standard of review compels the reversal of a trial court's ruling on the admission of evidence only if the court has clearly abused its discretion." *Id.* An abuse of discretion occurs when "a ruling is clearly against the logic of the circumstances and is so unreasonable as to indicate a lack of careful consideration." *Forrest*, 183 S.W.3d at 223. Further, we review such decisions "for prejudice, not mere error, and will reverse only if the error was so prejudicial that it deprived the defendant of a fair trial." *State v. Tokar*, 918 S.W.2d 753, 761 (Mo. banc 1996).

■■■■■ "However, whether a criminal defendant's rights were violated under the Confrontation Clause by the admission of evidence is a question of law that an appellate court reviews de novo." *State v. Nabors*, 267 S.W.3d 789, 793 (Mo.App.2008) (citing *State v. March*, 216 S.W.3d 663, 664–65 (Mo. banc 2007)). Furthermore,

Confrontation Clause violations are subject to the harmless error test found in *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *United States v. Chapman*, 356 F.3d 843, 846 (8th Cir.2004). That test requires that the error be harmless beyond a reasonable doubt, meaning that there is no reasonable doubt that the error's admission failed to contribute to the jury's verdict.

*March*, 216 S.W.3d at 667.

■■■■■ Defendant's sole point on appeal claims constitutional error by the trial court in the denial of his right of confrontation by the trial court's admission into evidence of Womack's statement regarding the generally held belief that Victim had previously shot Defendant and Officers Barb's and Peters' statements that Bailey and Womack told them, respectively, that Victim had previously shot Defendant. During trial, however, Defendant's objections to these statements were based solely on hearsay grounds. In order to preserve constitutional claims of error for appellate review, such claims must be made at the first opportunity and with citation to specific constitutional sections. *State v. Parker*, 886 S.W.2d 908, 924 (Mo. banc 1994); *State v. Flynn*, 519 S.W.2d 10, 12 (Mo.1975). "A hearsay objection does not preserve constitutional claims relating to the same testimony." *State v. Chambers*, 891 S.W.2d 93, 104 (Mo. banc 1994) (citing *Parker*, 886 S.W.2d at 925).

■■■■■ Therefore, pursuant to Rule 30.20,[3] our review of Defendant's constitutional claim of error is, within our discretion, for plain error. Such review "is used sparingly and limited to error that is evident, obvious, and clear." *State v. Smith*, 293 S.W.3d 149, 150 (Mo.App.2009) (citing *State v. Campbell*, 122 S.W.3d 736, 739–40

---

**3.** All rule references are to Missouri Court Rules (2009).

(Mo.App.2004)). Moreover, plain error review consists of two steps: "(1) did the trial court commit evident, obvious, and clear error affecting the defendant's substantial rights; and (2) if so, did such plain error actually result in manifest injustice or a miscarriage of justice?" *Smith*, 293 S.W.3d at 150 (citing *State v. Darden*, 263 S.W.3d 760, 762–63 (Mo.App.2008)). If a defendant does not get past the first step, any inquiry into the claim of error must end. *State v. Spry*, 252 S.W.3d 261, 266 (Mo.App.2008).

### Discussion

Defendant claims that Womack's statement of the generally held belief that Victim had previously shot Defendant and Officers Barb's and Peters' statements that Bailey and Womack told them, respectively, that Victim had previously shot Defendant, amounted to inadmissible hearsay, thus depriving Defendant of his right to confrontation. We disagree.

 "Hearsay evidence is in-court testimony of an extrajudicial statement offered to prove the truth of the matters asserted therein, resting for its value upon the credibility of the out-of-court declarant." *Nabors*, 267 S.W.3d at 794 (citing *State v. Harris*, 620 S.W.2d 349, 355 (Mo. banc 1981)). Such evidence is both undesirable and inadmissible because the maker of the offered statement is neither under oath nor subject to cross-examination. *State v. Robinson*, 484 S.W.2d 186, 189 (Mo.1972). Not every statement made out of court is offered to prove the truth of its content, however, and thus is not considered hearsay. Such is the case with Womack's statement.

 Womack testified that it was a "generally held belief" among people he knew that Victim had shot Defendant sometime before the underlying shooting in this case. In response to Defendant's

hearsay objection to this testimony, the State contended that it was not eliciting such testimony to prove that Victim had indeed shot Defendant, but rather to establish a possible motive for Defendant to shoot Victim, i.e., regardless of the truth of the alleged rumor, because the people around Defendant believed that he had been shot by Victim, Defendant had to seek revenge for being shot or be perceived by those people as being weak. The trial court expressly found the State's reasoning persuasive in overruling Defendant's hearsay objection. Nevertheless, Defendant fails to address in his brief how this non-hearsay determination by the trial court is erroneous, other than just assuming in the first instance that the only purpose for which the statement was offered was to prove the truth of its content that Defendant had in fact previously been shot by Victim.

In *State v. Chambers*, 891 S.W.2d 93, 104 (Mo. banc 1994), a witness testified regarding the statement of another individual who was not a witness in the case. *Id.* at 103. The trial court specifically admitted the statements, not for the truth of the matter asserted, but for the purpose of showing "that the statements were being made[,]" and to show the defendant's state of mind. *Id.* at 104. Our Supreme Court found such evidence not to be hearsay, and to be properly admitted at trial. The statement at issue in *Chambers* is analogous to that at issue in the case at bar: both were offered not for the truth of the matters asserted, but to show that such statements existed. Further, both went to demonstrating another facet of the case: in *Chambers*, the statement went to the defendant's state of mind, while here the statement goes to Defendant's motive. As such, Womack's testimony regarding the "generally held belief" that Victim had

shot Defendant in the past was properly admitted.

■ The testimony of Detectives Barb and Peters constitutes another example of out-of-court statements not constituting inadmissible hearsay, that of prior consistent statements. "Prior consistent statements are admissible to rehabilitate a witness whose credibility has been attacked by an express or implied claim of fabricated trial testimony." *State v. Campbell*, 254 S.W.3d 203, 205 (Mo.App.2008) (citing *State v. Ramsey*, 864 S.W.2d 320, 329 (Mo. banc 1993)). Such statements, which are "consistent with trial testimony [and] given before the corrupting influence to falsify occurred[,] are relevant to rebut a claim of contrivance." *Ramsey*, 864 S.W.2d at 329 (citing McCORMICK ON EVIDENCE, § 251, at 119 (4th ed.1992)).

■ Detective Barb testified that, during his interview with Bailey hours after the shooting, Bailey told him that Victim "allegedly shot Smoke approximately two years prior." Detective Peters testified that, during his interview with Womack two days after the shooting, Womack stated that "about four years earlier ... [Victim] had shot Smoke." At the time of trial, both Bailey and Womack were facing potentially lengthy prison sentences for a variety of offenses, and Defendant cross-examined each at length regarding their expectations as to their cooperation as witnesses, and whether either had accepted a favorable deal from the State. Such attacks on Bailey's and Womack's credibility opened the door for the State to introduce the prior consistent statements of both men—made before any potential favorable deals with the State were even contemplated—in order to rehabilitate each man's credibility. Thus, the testimony of Detectives Barb and Peters was not inadmissible hearsay and was properly admitted as prior consistent statements by the witnesses.[4]

■ Moreover, even assuming, *arguendo*, that the testimony of Womack and either or both detectives was improper hearsay, the testimony would still have been admissible because it was merely cumulative of Defendant's admission that he had previously been shot by the Victim, albeit accidentally. A "complaining party cannot be prejudiced by the introduction of challenged hearsay evidence when that evidence is merely cumulative to other admitted evidence of like tenor." *State v. Placke*, 290 S.W.3d 145, 154 (Mo.App.2009) (citing *Bryan v. State*, 134 S.W.3d 795, 800–01 (Mo.App.2004)). Womack's unchallenged testimony that, on the night shortly before Victim was shot by Defendant, Defendant admitted to Womack that he had been shot previously by Victim properly brought the previous altercation between the two men before the jury.

For the above and foregoing reasons, we find no evident, obvious, or clear error affecting the defendant's substantial rights, *see Smith*, 293 S.W.3d at 150, in the trial court's admission into evidence of the three challenged statements. As such, we need not proceed with any further review

4. Indeed, Defendant does not argue otherwise. The State raised this basis for admissibility in each of its responses to Defendant's hearsay objections to these statements. The Defendant, however, did not respond to the trial court with any explanation or argument as to how these statements were not prior consistent statements or any reason why they should not be admitted as such. Likewise, armed with the knowledge that the trial court admitted these statements on the basis that they were prior consistent statements, Defendant's opening brief is silent with regard to any argument or analysis on this issue. Moreover, after the State raised this basis for admissibility in its respondent's brief, the Defendant chose not to file a reply brief.

for plain error. *Spry,* 252 S.W.3d at 266. Defendant's point is denied.

### Decision

The trial court's judgment is affirmed.

SCOTT, C.J., and RAHMEYER, J., concur.