STATE of Missouri, Plaintiff–Respondent,

v.

Edward BARNES, Defendant–Appellant.

No. SD 29904.

Missouri Court of Appeals, Southern District, Division Two.

May 19, 2010.

Matthew Ward, Columbia, for Appellant.

Chris Koster, Atty. Gen., John M. Reeves, Jefferson City, for Respondent.

NANCY STEFFEN RAHMEYER, Judge.

Edward Barnes ("Appellant") was convicted of one count of endangering a corrections officer, a felony under section 565.085,[1] for spitting on a corrections officer. Following a bench trial, the trial court sentenced Appellant to a two-year prison term, to run concurrently with a sentence he was already serving. The information charged Appellant with spitting on corrections officer Charles Mitchell on July 23, 2007. At the bench trial, however, the prosecution proved that Appellant spit on a different corrections officer, Edward Cantrell, on August 15, 2007. Cantrell was the only witness that testified at the trial. A videotape showing Appellant spitting on Cantrell was admitted into evidence. The defense made no objection to the variance between the facts alleged in the information and the facts proven at trial. Appellant now appeals the conviction.

Appellant's sole point on appeal is that the trial court committed reversible error in convicting him of the August 15, 2007 felony of endangering corrections officer Cantrell, when the information charged Appellant with the felony of endangering corrections officer Mitchell on July 23, 2007.

■ Because the defense counsel failed to object to the variance between the facts alleged in the information and the facts proven at trial, our review is for plain error. *State v. Rogers*, 970 S.W.2d 402, 405 (Mo.App. W.D.1998).

This review involves a two step-process. First, we determine whether the claim of error facially establishes substantial grounds for believing that manifest injustice or a miscarriage of justice has resulted.... Absent a finding of facial error, an appellate court should decline its discretion to review the claim. If plain error is found, we proceed to the second step to consider whether the error actually resulted in manifest injustice or a miscarriage of justice.

*State v. Stallings*, 158 S.W.3d 310, 315–16 (Mo.App. W.D.2005) (internal citations omitted). The outcome of plain error review, furthermore, "depends heavily on the specific facts and circumstances of each case." *State v. Roper*, 136 S.W.3d 891, 900 (Mo.App. W.D.2004). After a review of the record, we find no reversible error, and, consequently, no plain error, here.

■ "A variance alone is not conclusive to the question of whether there is reversible error." *State v. Lee*, 841 S.W.2d 648, 650 (Mo. banc 1992). The defendant must also be prejudiced by the variance between allegations in the infor-

---

1. All references to statutes are to RSMo Cum. Supp.2005, and all rule references are to Missouri Court Rules (2010), unless otherwise specified.

mation and evidence presented at trial. *See State v. Crossman,* 464 S.W.2d 36, 42 (Mo.1971). That is, " '[u]nless the defendant can be said to have been prejudiced in that he would have been better able to defend had the information' " not varied from the evidence presented at trial, the defendant " 'should not be entitled to relief on account of the variance.' " *State v. Lemons,* 294 S.W.3d 65 (Mo.App. S.D. 2009) (quoting *State v. Darden,* 263 S.W.3d 760, 763–64 (Mo.App. W.D.2008)).

The record shows that Appellant was adequately able to defend against the charge that he endangered corrections officer Cantrell, despite the inconsistency between the information and the proof offered at trial. Defense counsel's actions clearly demonstrate knowledge that the facts the prosecution sought to prove at trial were in regard to the August 15th incident, rather than the July 23rd incident. At trial, no evidence was presented regarding the July 23rd incident. In fact, defense counsel offered three conduct violation reports, specifically identifying Cantrell and detailing the events of the August 15th incident, into evidence during the cross-examination of Cantrell. The State did not object and the trial court admitted the reports.

Here, Appellant fully litigated the issue of whether he was guilty of endangering a corrections officer on August 15, 2007, not the July 23rd incident. The defense, therefore, was not prejudiced by the variance. Appellant was charged with and convicted of a violation of section 565.085. Appellant suffered neither a manifest injustice nor a miscarriage of justice.

The judgment is affirmed.

SCOTT, C.J., LYNCH, P.J., concur.