STATE of Missouri, Plaintiff–Respondent,

v.

Gary S. DEAN, Defendant–Appellant.

No. SD 31563.

Missouri Court of Appeals, Southern District, Division Two.

Sept. 25, 2012.

Motion for Rehearing and or Transfer Denied Oct. 17, 2012.

Application for Transfer Denied Nov. 20, 2012.

Craig A. Johnston, Columbia, MO, for Appellant.

Chris Koster, Atty. Gen., Jessica P. Meredith, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Following a bench trial, Gary Dean (Defendant) was convicted of one count of possessing child pornography, a class D felony. *See* § 573.037.[1] He presents two points on appeal. In Point I, he contends the evidence was insufficient to support his conviction because the photographs admitted in evidence did not depict "sexual conduct" as defined in § 573.010(17). In Point II, he contends the evidence was insufficient to support his conviction because the photographs admitted in evidence did not depict a real child under the age of 14. Finding no merit in these points, we affirm Defendant's conviction.

On appeal, we accept as true the evidence and reasonable inferences derived therefrom that are favorable to the judgment. *State v. McQuary,* 173 S.W.3d 663, 667 (Mo.App.2005). We disregard all unfavorable evidence and inferences. *Id.* The following factual summary has been prepared with those principles in mind.

1. All statutory references are to RSMo Cum. Supp. (2006) unless otherwise specified. All rule references are to Missouri Court Rules (2012).

On December 1, 2006, Officer Tony D'Andrea, accompanied by Officer Andrew Manzel, responded to a complaint about activity at Defendant's apartment complex. When the officers arrived there, Officer D'Andrea spoke to Defendant about reports of minor children coming from and going into the apartment. Defendant was the only one home at the time and said that "his roommate had numerous nieces and nephews that held parties at the apartment."

The officers then requested permission to search Defendant's apartment for child pornography, and Defendant consented in writing. During the search, officers found a cardboard box on the floor of the closet in Defendant's room. When Officer D'Andrea lifted the box lid, Defendant said, "You found my porn." The box contained two large books, one of which appeared to be about astronomy. After opening this book, however, Officer D'Andrea observed what he believed were images of child pornography. The officers placed Defendant under arrest. The astronomy book was stored by the Marionville police department in its evidence locker.

In December 2006, Defendant was charged by information with one count of possessing child pornography in violation of § 573.037. The information alleged, *inter alia*, that Defendant "knowing of its content and character possessed obscene material consisting of a digital image of a nude female child in such a pose that the genitals of the child is [sic] visible, and the person in the photograph is less than fourteen years of age." Prior to trial, Defendant's attorney was given the opportunity to inspect the astronomy book at the Marionville police station.

At trial, Officer D'Andrea was called as the State's only witness. He testified that, during his examination of the astronomy book, he observed two pictures showing female children in sexually suggestive poses that showed their genitals. The astronomy book was marked as State's Exhibit 2. Using a purple tab, Officer D'Andrea marked one page of Exhibit 2 that showed nude, minor female children in sexually suggestive poses. Officer D'Andrea identified three pictures on this page that troubled him. He marked those pictures with an A, B and C. The witness opined that the three girls in those pictures were under the age of 14.

The marked page of Exhibit 2 contained three pictures of unclothed minor children. Picture A depicted a diminutive, dark-haired girl who was standing with her back toward the camera. She wore only a swimsuit bottom that was pulled down to just below her buttocks. Her legs were spread widely apart, and her back was arched so as to thrust her buttocks toward the camera. Although the girl's anus and genitals were not exposed, her pose drew attention to that area of her body. Her right hand was placed on her unclothed right buttock. Her upper body was twisted so that she was looking toward the camera. Her chest was bare. Her left hand was wrapped around her stomach, resting just below her very small, exposed right breast. Picture B was directly adjacent to Picture A. Picture B depicted a blonde-haired, nude girl. She was sitting on the floor with her hands resting on the ground behind her. Her feet were on the floor in front of her. Her legs were spread open and bent so that her genital area was fully exposed to the camera. She had no apparent pubic hair, and her breasts were undeveloped. Picture C was directly underneath Pictures A and B. Picture C depicted a nude, dark-haired girl looking toward the camera. Her breasts, which were obscured by her hair, did not appear to be developed. Her genital area

was exposed. Exhibit 2 was then offered in evidence. Defendant had no objection, and the exhibit was admitted. The State rested, and Defendant presented no evidence.

During closing argument, the prosecutor identified the marked page on Exhibit 2 as containing the three pictures that formed the basis for Defendant's prosecution. The prosecutor argued that the court's task was to decide whether the pictures were pornographic and whether the girls were under the age of 14. Defense counsel contended that the State had failed to prove beyond a reasonable doubt that the girls were under the age of 14. He argued that each of the three pictures involved "someone over the age of 14 that had their picture taken in a suggestive pose to market and make money." In rebuttal, the prosecutor argued that the trial court could decide that issue based on the judge's examination of the pictures themselves, as permitted by § 573.050. After closing arguments were concluded, the judge examined the exhibits with counsel present and took the case under advisement.

Four days later, counsel and Defendant appeared before the trial judge, who announced his decision in open court:

The record shows that we had a court-tried case on this last Friday where I took the matter under advisement. The Court did view the three photographs in question which were marked # A, # B and # C in State's Exhibit # 2. Mr. Dean, while it never gives me a pleasure to have to do so, I do find that you are guilty with what you are charged with. I do find that it would be extremely— just out of the element of reasonable probability that the three pictures depicted any girl older than 14, in fact, all of them appear to be under 14. The

Court therefore is finding you guilty in the case.

In the written judgment, the trial court explained in more detail its reasons for finding Defendant guilty:

The court has viewed the [three] photos in question in the presence of counsel. The court has no reasonable doubt that the photos depict young females who are less than fourteen years of age in nude, or near nude poses. (The "material") The court finds that, applying contemporary community standards the predominant appeal of the material is to prurient interest in sex; that the average person applying community standards, would find that the material depicts sexual conduct in a patently offensive manner; and a reasonable person would find that the material lacks serious literary, artistic, political or scientific value. The court further finds that the material depicts sexual conduct of a participant who is under the age of fourteen years. The court finds that on December 1, 2006, in Lawrence County, Missouri, defendant, knowing of its content and character, possessed obscene material that has a child as a participant.

The court originally suspended imposition of sentence and placed Defendant on probation for five years. Thereafter, Defendant violated the terms of his probation and was sentenced to three years imprisonment. This appeal followed. Additional facts necessary to the disposition of the case are included below as we address Defendant's two points on appeal.

*Point I*

■ In Defendant's first point, he contends the evidence was insufficient to prove his conviction because the State did not prove beyond a reasonable doubt that Defendant possessed child pornography as defined in § 573.010. Defendant argues

that he did not possess obscene material because the three photographs in Exhibit 2 did not depict or describe "sexual conduct" as defined in § 573.010(17). To the extent this assertion of error is unpreserved, Defendant seeks plain error review.

In a court-tried criminal case, the court's findings have the force and effect of a jury verdict. Rule 27.01(b); *State v. Crawford*, 68 S.W.3d 406, 408 (Mo. banc 2002). Accordingly, the standard used to review the sufficiency of the evidence in a court-tried and a jury-tried criminal case is the same. *State v. Fraga*, 189 S.W.3d 585, 586 (Mo. App.2006). The function of the reviewing court is not to reweigh the evidence, but only to determine whether the judgment is supported by sufficient evidence. *State v. Burse*, 231 S.W.3d 247, 251 (Mo.App.2007). Thus, "the appellate court's role is limited to a determination of whether the state presented sufficient evidence from which a trier of fact could have reasonably found the defendant guilty." *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005). This is not an assessment of whether this Court believes that the evidence at trial established guilt beyond a reasonable doubt, but rather a question of whether, in light of the evidence most favorable to the State, any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt. *State v. Liberty*, 370 S.W.3d 537, 542–43 (Mo. banc 2012). When reviewing a challenge to the sufficiency of the evidence, an appellate court accepts as true all of the evidence favorable to the state, including all favorable inferences drawn from the evidence. *Id.* at 543. All contrary evidence and inferences are disregarded. *Id.*

When Defendant was charged with possession of child pornography in 2006, § 573.037 provided that a person commits such a crime "if, knowing of its content and character, such person possesses any obscene material that has a child as one of its participants or portrays what appears to be a child as an observer or participant of sexual conduct." § 573.037.1. As used in this section, "child" was defined as "any person under the age of fourteen[.]" § 573.010(1). Any material or performance is "obscene" if, taken as a whole:

(a) Applying contemporary community standards, its predominant appeal is to prurient interest in sex; and

(b) The average person, applying contemporary community standards, would find the material depicts or describes sexual conduct in a patently offensive way; and

(c) A reasonable person would find the material lacks serious literary, artistic, political or scientific value[.]

§ 573.010(12). "Sexual conduct" is defined as:

actual or simulated, normal or perverted acts of human masturbation; deviate sexual intercourse; sexual intercourse; or physical contact with a person's clothed or unclothed genitals, pubic area, buttocks, or the breast of a female in an act of apparent sexual stimulation or gratification or any sadomasochistic abuse or acts including animals or any latent objects in an act of apparent sexual stimulation or gratification[.]

§ 573.010(17).

In order to convict Defendant of the crime of possession of child pornography, the State had to prove beyond a reasonable doubt that Defendant: (1) with knowledge of the content and character thereof; (2) possessed; (3) obscene material; (4) that had a child as a participant or portrayed what appears to be a child as an observer of or participant in sexual conduct. *See State v. Kamaka*, 277 S.W.3d

807, 813 (Mo.App.2009).[2] Defendant challenges the sufficiency of the third and fourth elements, which both require proof of "sexual conduct." Defendant argues that the three photographs do not portray sexual conduct, but merely nude children. We disagree.

In *State v. Oliver*, 293 S.W.3d 437 (Mo. banc 2009), our Supreme Court addressed a similar argument. There, the evidence included "two photographs of a boy bending over with his unclothed buttocks toward the camera and separating his buttocks with his hands...." *Id.* at 445. Relying on the statutory definitions listed above, the Court concluded the photographs depicted "sexual conduct." *Id.* Our Supreme Court explained that "[t]hese photographs contain physical contact with the child's unclothed buttocks. This contact is an act of apparent sexual s[t]imulation, given the nature of this position, the fact that this position is the primary object of the photograph, and the circumstances under which these photographs were taken." *Id.* As is evident from this quotation, the apparent purpose of the physical contact was to sexually stimulate the viewer of the photograph, rather than the child. *See id.*

Applying those factors to the case at bar, Picture A depicts the requisite "sexual conduct" as defined by § 573.010(17). The girl's placement of her right hand on her unclothed right buttock constitutes physical contact in an act of apparent sexual stimulation of the viewer of Picture A. The trial court could reasonably so find beyond a reasonable doubt, given: (1) the nature of the girl's position in the photograph; (2) the fact that the exaggerated exposure of her bare buttocks, which emphasized her anal and genital areas, was the primary focus of the picture; and (3) Picture A's placement in direct proximity to Pictures B and C, which showed the genitals of a nude female child. *See Oliver*, 293 S.W.3d at 445; *see also Liberty*, 370 S.W.3d at 545 (citing *Oliver* in concluding that sufficient evidence supported the trial court's finding that images depict "sexual conduct"). Because Defendant was only charged and convicted of one count of possession of child pornography and Picture A depicts the requisite sexual conduct, the evidence was sufficient to support this element of Defendant's conviction.

■ In Defendant's reply brief, however, er, he contends for the first time that the State cannot rely upon Picture A to sustain Defendant's conviction. He argues that Picture A involves an uncharged offense because it does not depict the child's visible genitals, as charged in the information. For the reasons set forth below, Defendant's argument has no merit.

Although Defendant has framed this argument as an attack on the sufficiency of the evidence, it actually is an unpreserved argument that there was a variance between the charging document and the evidence presented at trial. *See State v. Nelson*, 334 S.W.3d 189, 197–98 (Mo.App. 2011). Picture A was admitted without objection, and defense counsel did not raise the variance issue at trial. Therefore, our review is for plain error only. *See State v. Barnes*, 312 S.W.3d 442, 443 (Mo.App.2010); *State v. Seaman*, 625 S.W.2d 950, 952–53 (Mo.App.1981).

Plain error review is discretionary. *State v. Edberg*, 185 S.W.3d 290, 293 (Mo.

**2.** After amendments in 2008 and 2009, § 573.037 provides that "[a] person commits the crime of possession of child pornography if such person knowingly or recklessly possesses any child pornography of a minor under the age of eighteen or obscene material portraying what appears to be a minor under the age of eighteen." § 573.037.1 RSMo Cum. Supp. (2011).

App.2006). A defendant is not entitled to relief pursuant to the plain error rule unless he demonstrates that the error so substantially affected the defendant's rights that a manifest injustice or a miscarriage of justice would inexorably result absent a correction of the error. *State v. Oplinger*, 193 S.W.3d 766, 770 (Mo.App. 2006). Plain error review involves a two-step analysis. *State v. Mack*, 301 S.W.3d 90, 95 (Mo.App.2010). First, we determine whether the trial court committed evident, obvious and clear error affecting the defendant's substantial rights. *Id.* If the defendant does not get past the first step, our inquiry ends. *Id.* If we determine that a plain error occurred, however, we then must decide whether the error actually resulted in manifest injustice or a miscarriage of justice. *Id.* "A claim of plain error places a much greater burden on a defendant than an assertion of prejudicial error." *State v. Wright*, 216 S.W.3d 196, 199 (Mo.App.2007). The outcome of plain error review, furthermore, "depends heavily on the specific facts and circumstances of each case." *State v. Roper*, 136 S.W.3d 891, 900 (Mo.App.2004). Based upon our review of the record, we find neither reversible nor plain error here.

■ To warrant reversal, a variance must be material and defendant must be prejudiced. § 546.080 RSMo (2000); *State v. Glass*, 136 S.W.3d 496, 520 (Mo. banc 2004); *State v. Harrell*, 342 S.W.3d 908, 920 (Mo.App.2011).[3] "Variances are material when they affect whether the accused received adequate notice; variances are prejudicial when they affect the defendant's ability to defend against the charges." *State v. Whitfield*, 939 S.W.2d

361, 366 (Mo. banc 1997); *Glass*, 136 S.W.3d at 520.

■ A variance is not fatal and will not require reversal unless it submits a new and distinct offense from that with which the defendant was charged. *Glass*, 136 S.W.3d at 520. The information charged Defendant with one count of possessing child pornography in violation of § 573.037. Defense counsel knew what pictures were in Exhibit 2 because he had examined that book during discovery. At trial, the prosecution clearly identified Pictures A–C as the pictures which formed the basis of Defendant's prosecution. All three photographs were admitted without objection by Defendant. The variance issue was not raised in any fashion below. Thus, we conclude that the variance was not material because Defendant received adequate notice of the charge against him. *See State v. Clark*, 782 S.W.2d 105, 108–09 (Mo.App.1989) (where defendant was charged with possession of burglary tools, proof that he had knowledge of some other person's purpose to make forcible entry, whereas the information charged him with the purpose to make a forcible entry himself, was not a material variance).

A variance also does not require reversal unless it is prejudicial to the defendant. *Whitfield*, 939 S.W.2d at 366. To be entitled to relief, Defendant must demonstrate that he would have been better able to defend his case if the description of the pictures in the information had been broad enough to include Picture A. *See State v. Lemons*, 294 S.W.3d 65, 72 (Mo.App.2009). Here, defense counsel argued that the State failed to prove any of the girls depicted in Pictures A–C were under the age of 14. Defense counsel asserted that age-

**3.** Because Defendant has incorrectly framed the argument as one involving the sufficiency of the evidence, the reply brief simply posits that the conviction cannot stand because of the variance alone. Defendant does not explain why the variance was material or prejudicial.

related defense as to all three pictures upon which the prosecution relied. In view of this theory of defense, the variance could not have been prejudicial. *See Nelson*, 334 S.W.3d at 197–98; *Barnes*, 312 S.W.3d at 443–44. Point I is denied.

## Point II

Defendant's second point presents two arguments. First, he argues the evidence was insufficient to prove beyond a reasonable doubt that the alleged obscene material involved a child under the age of 14. Second, Defendant argues for the first time on appeal that the evidence was insufficient to prove the alleged obscene material involved a real child, rather than a virtual or computer-generated image of a child. We will address each argument in turn.

### The Age of the Children

■ Defendant contends the evidence was insufficient to prove the alleged obscene material involved a child under the age of 14, as required by § 573.010(1). At trial, the following evidence was presented as to the age of the children portrayed in Pictures A–C.

Officer D'Andrea, who at the time of trial had a six-year-old daughter, testified that he believed the three female children in the pictures were under the age of 14. In response to a cross-examination question about a photograph of another girl who was wearing clothes and could have been "13, 14 years old," the officer clarified that with respect to the photographs at issue here, "[i]f it was that close, I wouldn't make an arrest." After extensive cross-examination on the issue, the trial court took the case under advisement. In finding Defendant guilty of the charged offense, the court explained "that it would be extremely—just out of the element of reasonable probability that the three pictures depicted any girl older than 14, in fact, all of them appear to be under 14."

In obscenity and child pornography cases, the legislature has left the determination of the child's age to the fact-finder. In a prosecution for possession of child pornography, the fact-finder may determine the age of the person who participated in the child pornography in one of two ways. *See* § 573.050.3 RSMo (2000). The first way is to use one of the following methods specified in § 568.100:

(1) Personal inspection of the child;

(2) Inspection of the photograph or motion picture that shows the child engaging in the sexual performance;

(3) Oral testimony by a witness to the sexual performance as to the age of the child based on the child's appearance at the time;

(4) Expert medical testimony based on the appearance of the child engaging in the sexual performance; or

(5) Any other method authorized by law or by the rules of evidence.

§ 568.100.1(1)-(5) RSMo (2000). The other way is for the fact-finder to draw reasonable inferences after viewing the alleged pornographic material. § 573.050.3 RSMo (2000). A determination of the child's age by either of these methods "shall constitute sufficient evidence of the child's age to support a conviction." *Id.*

Defendant concedes that the statutes listed above do "not require expert testimony about the age of a child depicted in a photograph." Defendant nevertheless argues, however, that "[a]lthough [the children] all appear to probably be at least under the age of 16, it cannot be said that a view of the photographs could prove beyond a reasonable doubt that they are less than 14; additional evidence, either by an expert or otherwise, was needed." We disagree.

Defendant's argument ignores our standard of review, which requires this Court to consider the evidence in the light most favorable to the verdict and consider

whether a rational fact-finder could have found Defendant guilty based on that evidence. *State v. Liberty*, 370 S.W.3d 537, 542–43 (Mo. banc 2012); *State v. Nash*, 339 S.W.3d 500, 509 (Mo. banc 2011). Officer D'Andrea testified that this was not a close case as the pictures do not depict girls who may be close to age 14, but are much younger than that age. The State offered Pictures A–C, which were admitted in evidence without objection. The trial court examined the pictures and agreed with the arresting officer, explaining "that it would be extremely—just out of the element of reasonable probability that the three pictures depicted any girl older than 14, in fact, all of them appear to be under 14." Thus, the trial court found that Picture A depicted a girl who was under 14 years of age. The girl depicted in that picture is diminutive. Her face is child-like in appearance. Her exposed right breast is barely developed. The State therefore presented sufficient evidence from which the trial court reasonably could have found that the girl depicted in Picture A was under the age of 14.[4]

### Real Children

Defendant next argues that the evidence was insufficient to prove the alleged obscene material involved a real child, rather than a virtual or computer-generated image of a child. Defendant contends the State failed to carry its burden of proving that any of the pictures depicted a real child because it did not present expert testimony on the issue and instead relied on the pictures themselves to prove this element. Defendant admits that this is a new argument on appeal for which he seeks plain error review. "Absent a find-

ing of facial plain error, this Court should decline its discretion to review the claim." *State v. Amerson*, 259 S.W.3d 91, 94 (Mo. App.2008).

Based upon our examination of Picture A, the trial court's implicit finding that the depicted child was real does not constitute an evident, obvious and clear error. Accordingly, Defendant has failed to meet his burden of facially establishing substantial grounds to believe a manifest injustice or miscarriage of justice has occurred. Point II is denied.

The judgment of the trial court is affirmed.

DANIEL E. SCOTT, P.J., and DON E. BURRELL, C.J., concur.

---

4. Defendant's reliance on *Abernathy v. State*, 278 Ga.App. 574, 630 S.E.2d 421 (2006), is misplaced. There, the Georgia Court of Appeals reversed several of defendant's convictions for sexual exploitation of children based on photographs in which the individuals were not fully visible or appeared to be so mature that additional evidence of the persons' age was required. *Id.* at 429. In contrast, Picture A depicts the face and features of an immature child for the reasons stated above.